## CARSWELL *v.* WRIGHT, comptroller-general, *et al.*

1. The act approved September 5, 1908 (Acts 1908, p. 1112), to provide revenue for the development and conduct of the penitentiary system, is not unconstitutional for any of the reasons assigned in *Carroll* v. *Wright*, 131 *Ga.* 728, and that case upon review is affirmed.

2. The provision of the 8th section of the act, imposing conditional forfeitures and penalties on persons engaged in the business referred to in the act, is not so vitally and inseparably connected with the legislative plan of raising revenue that, even if such provision antagonized certain constitutional guaranties, the whole act would fall.   In the present case no effort is being made to enforce any forfeiture or penalty, and the alleged collision between the constitution and the 8th section, as affecting that section apart from its effect on the entire act, is not before the court for decision.

3. Conceding that the 8th section does not apply to manufacturers, but only to dealers, the differentiation between manufacturers and dealers would not be such an arbitrary classification as to render the act unconstitutional.

4. An assignment of error to the effect that an act of the General Assembly is rendered unconstitutional because of its construction by the Supreme Court when considered in connection with another statute as construed by the Court of Appeals, which does not identify or set out the particular decisions, nor the statute alleged to be construed by the Court of Appeals, is too indefinite to raise any point for decision.

5. Section 5 of the act, which requires all imitations of or substitutes for beer, ale, etc., to have stamped on the vessels containing the liquors the manufacturer's name, and section 8, which provides for forfeiture of licenses, etc., for violation of the terms of the act, do not render the act violative of the constitution, art. 3, sec. 7, par. 8, which forbids the legislature to pass any act referring to more than one subject-matter or containing matter different from what is expressed in the title.

6. The provisions of the constitution (art. 3, sec. 7, par. 4, 7), that each house shall keep a journal of its proceedings and publish it immediately after its adjournment, and that every bill, before it shall pass, shall be read three times and on three separate days in each house, do not require that the full title of the bill shall be recorded in the journal.   In describing the various bills read and passed, it is only necessary that the journal indicate by appropriate description the general nature of the measure so as to identify it.   The act of September 5, 1908, is sufficiently identified by the journal.

Submitted June 15, 1909.—Decided January 11, 1910.

Equitable petition.   Before Judge Hammond.   Richmond superior court.   January 25, 1909.

*C. E. Dunbar,* for plaintiff.

*John C. Hart, attorney-general,* and *Henry C. Roney,* for defendants.

EVANS, P. J. John S. Carswell, a citizen of Richmond county, engaged in the business of selling at retail what is popularly known as "near beer" and other soft drinks, filed his petition against the comptroller-general, and the ordinary and sheriff of Richmond county, to restrain the enforcement of the act approved September 5, 1908 (Acts 1908, p. 1112), entitled: "An act to provide a revenue to be used for the development and conduct of the penitentiary system of the State, and to buy farm lands and equipment as may be needed in connection with the management, control, and employment of the convicts of this State, by requiring a license to be obtained by all persons, firms, or corporations manufacturing or selling in this State, or maintaining therein supply depots or places for distribution, any imitation of or substitute for beer, ale, wine, whisky, or other spirituous or malt liquors; to prescribe the terms and conditions on which such licenses may issue and the amounts to be paid therefor; to prohibit the carrying on of any business, for which such license is required without obtaining such license; to provide penalties for violations of this act; to provide for the forfeiture of the licenses provided for in this act when the same are used as a cloak for the violation of the law; and to appropriate the money raised hereunder, and for other purposes." His petition was dismissed on demurrer, and he excepts.

1. The plaintiff's basis for an injunction is the alleged unconstitutionality of the act of September 5, 1908. His petition embodies substantially all the allegations, respecting the alleged grounds of unconstitutionality of the act, as were contained in the petition of *Carroll* v. *Wright,* and adjudicated by this court in that case, which is reported in 131 *Ga.* 728 (63 S. E. 260). Counsel for the plaintiff in error asks to review and overrule that case, but on consideration of the motion we decline to do so. In addition to the points foreclosed by the decision in *Carroll* v. *Wright,* other attacks were made on the constitutionality of the act, which we will proceed to notice

2. The 1st and 2d sections of the act approved September 5, 1908, exact of all manufacturers of or dealers in substitutes for beer, ale, etc., a license tax of $500, and the 3d section exacts of retailers of such imitation intoxicants a license tax of $200. The 8th section is as follows: "that any person who shall sell, or furnish, keep, or give away, under color of the license herein required,

any liquor, drink, or beverage prohibited by law shall, in addition to any penalty which he may otherwise be liable to, forfeit said license and be forever disqualified from holding any such license or being in the employment of any person holding such license; and any person holding such license, who shall knowingly employ any person so disqualified, shall forfeit his license and be in like manner disqualified." It is contended that the provision of the 8th section, construed in connection with the other sections, violates the constitution, art. 1, sec. 1, par. 2, 3 (Civil Code, §§ 5699, 5700), and the 14th amendment to the constitution of the United States, in that it imposes forfeitures and penalties on persons engaged in the business referred to in the act which are not imposed on other legitimate businesses, and for these reasons persons engaged in selling imitation beers are not afforded an impartial protection of the laws, and are deprived of their property without due process of law.

Even if we should concede that the 8th section of the act is void and inoperative because of its conflict with the constitution as claimed, it by no means follows that the whole act is void. The general purpose of the act is to raise revenue for the development and maintenance of the penitentiary system, by the levying of an occupation tax upon manufacturers and dealers in imitation intoxicants. If the 8th section were entirely eliminated, the legislative scheme would not be impaired in any material feature. It is a well-established principle that unless the main purpose of the statute is affected by the unconstitutionality of a particular provision, the whole act is not thereby defeated. *Irvin* v. *Gregory, 86 Ga.* 605 (13 S. E. 120). The complainant is not now in a position to raise the point that the 8th section is unconstitutional, apart from its effect on the whole act. At the time of filing his petition he had paid no license; and the ground of complaint is that it is illegal to exact a license tax of him, because of the alleged unconstitutionality of the law as a whole which imposes the license tax. No officer of this state is proceeding against him to enforce any penalty or forfeiture. As was said in *Scoville* v. *Calhoun,* 76 *Ga.* 263, "When the law operates upon the private property of an individual, and it is seized, destroyed, or confiscated, or the individual is indicted for a violation of such law, he may assail the portion thereof affecting his private property or personal liberty as unconstitu-

tional, and the courts will make such an adjudication as will maintain the integrity of the law as a whole, if possible, and, at the same time, protect the citizen against any unconstitutional or illegal portions of the law, if there be such. Laws will never be declared unconstitutional except in case of necessity; and the courts will wait until the law is attempted to be put in operation, and will not, in advance thereof, declare the entire law unconstitutional on the ground that a portion of it is so attacked."

3. It is also contended that the 8th section of the act applies to retail dealers of imitation beers, etc., and not to wholesale dealers and manufacturers of imitation intoxicants, and violates the constitution, art. 7, sec. 2, par. 1 (Civil Code, § 5883), because the act does not deal uniformly with all persons liable under it for taxes on their occupations. Apparently this section applies alike to wholesale and retail dealers, and also to manufacturers of imitation intoxicants. If we give the construction contended for by the plaintiff in error, that its terms are applicable only to dealers, it would not offend the particular clause of the constitution with which it is contended that it militates, because in the imposition of taxes different terms are imposed upon different classes of people who are subject to its terms. For instance, it is perfectly competent for the legislature to impose different amounts as taxes upon wholesalers, retailers, and manufacturers, and the classification would be reasonable; so also any proper differentiation between manufacturers and dealers would also be a reasonable classification. We do not think the act unconstitutional on this ground.

4. It is alleged, that there can be no imitations of or substitutes for beer, ale, or malt liquor, except that made from malt and hops, which is of a non-intoxicating grade, and that this has been decided by the Supreme Court of Georgia to be what is meant by the language of the statute where the words "imitation of" and "substitutes for" are employed; that the Court of Appeals, in construing what is commonly known as the prohibition act, has decided that the sale of any and all malt liquors comes within the inhibition of that act, so far, at least, as that upon proof of a sale of such article the burden is placed upon the persons charged with selling it of proving that it is non-intoxicating, and that therefore, if petitioner should take out the license under said purported act of September 5, 1908, and deal in the articles allowed to be sold thereunder, he would be

trapped by the State of Georgia into making out a prima facie case against himself of a violation of the prohibition act, which would be destructive of the guarantees contained in the constitution (art. 1, sec. 1, par. 2, 3) as to impartial and complete protection of person and property, and of art. 1, sec. 1, par. 6, of the same constitution ('Civil Code, § 5703), in that the taking out of the license and engaging in the business thereunder would be compelling petitioner to give testimony tending to criminate himself; and for the same reason the act is in violation of the 5th amendment to the constitution of the United States, which provides that no person shall be compelled to be a witness against himself, for that, if he engages in the business, under the decisions of the Supreme Court and the Court of Appeals, above referred to, he would be furnishing evidence to criminate himself. Neither in the petition nor in the record are the particular decisions of the Supreme Court and the Court of Appeals referred to. We are aware of no decisions of the Supreme Court and the Court of Appeals which would have the effect of rendering the act unconstitutional as contended for by the plaintiff in error. When a law is attacked for unconstitutionality, the burden is upon him who makes the attack to make it clear in what particular any constitutional provision is offended. The general reference by plaintiff in error that this court and the Court of Appeals have construed the provisions of the law, without setting out with precision the decisions which it is claimed have the effect alleged, is too indefinite to raise any question for adjudication.

5. It is also urged that the act violates the constitution, art. 3, sec. 7, par. 8 (Civil Code, § 5771), which forbids the legislature from passing any act referring to more than one subject-matter, or containing matter different from what is expressed in the title. It is alleged that sec. 5 of the act, which requires that all such imitation of or substitutes for beer, ale, wine, whisky, or other alcoholic, spirituous, or malt liquors sold in any such place shall have stamped plainly on the vessels containing such liquid the name of the manufacturer thereof, and what is contained in the 8th section, to the effect that any person holding a license who shall knowingly employ any person so disqualified shall forfeit his license and be in like manner disqualified, are matters different from what is expressed in the title thereof; and that the act thus contains more than one subject-matter. Sections 5 and 8 are regulatory of the business

authorized to be conducted under the license as provided in the act, and are not violative of this clause of the constitution. · *Carroll* v. *Wright,* supra.

6. By article 3, section 7, paragraphs 4 and 7, of the constitution (Civil Code, §§ 5767, 5770) it is required that "each house shall keep a journal of its proceedings, and publish it immediately after its adjournment," and that "every bill, before it shall pass, shall be read three times, and on three separate days, in each house." Art. 5, sec. 1, par. 16 (Civil Code, § 5819), provides that "the Governor shall have the revision of all bills passed by the General Assembly before they shall become laws," etc. It is contended the act of September 5, 1908, is null and void, because, (*a*) "the journal of the House of Representatives fails to show, as required by law, that said purported act was ever passed by the House of Representatives;" (*b*) "that said purported act, which had the approval of the Governor, and thereby purports to be an act, after being passed as a bill by the two houses of the General Assembly, fails of being shown by the journal of the House of Representatives, if any such bill was passed by said House." It is contended that the bill, which was read three times in the House and passed by that body, as indicated by House Journal, page 233, was "a bill to raise revenue for the development and support of the penitentiary system, by placing certain taxes on the manufacture and sale of imitation beer, and for other purposes," and that this does not identify the act as approved, the title of which appears elsewhere in the statement of facts in this opinion. It is said that the bill described in the journal was one to raise revenue for the development and support of the penitentiary system, by placing a tax on the manufacture and sale of imitation beer, whereas the act which is sought to be enforced levies a tax not only on the sale and manufacture of imitation beer, but also on all imitations of and substitutes for ale, wine, whisky, or other spirituous or malt liquors, as well as fixes certain regulations pertaining to the sale and manufacture. It is quite clear from the journal that the House of Representatives passed only one bill to raise revenue for the support of the new penitentiary system inaugurated at the extra session of the legislature, and we think the description in the House Journal sufficiently apt to identify that as the act approved September 5, 1908. The constitution does not require that the title of the bill be entered on the

House Journal, but only that the House shall keep a journal of its proceedings. In describing the various bills read and passed it is only necessary that the journal indicate by appropriate terms or description the general nature of the measure, so as to identify it as having been proceeded with in compliance with the constitutional requirements. Larrison *v.* Peoria R. Co., 77 Ill. 11.

*Judgment affirmed. All the Justices concur.*