CURTIS *v.* TOWN OF HELEN *et al.*

ATKINSON, J. 1. The Town of Helen was incorporated by an act of the legislature in 1913 (Ga. L. 1913, p. 893), entitled "An act to incorporate the Town of Helen, in the County of White, to grant certain powers and privileges to said town, and for other purposes." In section 29 authority was conferred upon the board of aldermen to maintain public parks, roads, streets and alleys; "to prevent injury and annoyance to the public or to individuals from anything dangerous, offensive, or unwholesome; to prevent hogs, horses, cattle, sheep, dogs and other animals, and all fowls from going at large in said city; . . to abate or cause to be abated anything which in the opinion of a majority of the whole board shall be a nuisance; . . to enact all ordinances, . . that may be necessary or proper for the good order, peace, welfare, health, morals, interest, security, and improvement of the town or its citizens." In section 20 it was provided: "That said corporation shall have and enjoy all the rights, powers, and privileges incident to such corporations and not repugnant to the constitution and laws of the United States or this State." *Held:*

(*a*) The caption of the act was sufficiently broad to comprehend all the above-stated powers included in section 29; and consequently those provisions of the act are not void on the ground that they relate to matter not expressed in the caption.

(*b*) The provision of the Civil Code, § 2043, requiring fencing around militia districts as a condition precedent to an election for a stock law in such district becoming effective, has no application to incorporated towns; and the above-quoted provisions of section 29 of the charter of the Town of Helen are not violative of article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), inhibiting the enactment of a special law in any case for which provision has been made by an existing general law.

2. On June 3, 1919, the municipality adopted an ordinance providing as follows: "Hogs shall not be permitted to run at large upon the streets, lanes, or unenclosed lands of the town; and any hog or pig so found running at large shall be impounded by the chief of police or any deputy, who shall advertise and sell the same within six days, after giving three days notice by putting up copies of this ordinance in or near the center of the town, unless the owner shall within that time redeem the hogs or pigs by paying a fine of fifty cents for each hog or pig and an additional fifty cents per day for feed for each hog or pig. The proceeds of the sale to be turned over immediately to the town treasurer. Any residue of money after paying the expenses to be paid to the owner if he should appear and claim the same within sixty days after the sale." The stock law or "no-fence law" had not been adopted in the county or the militia district in which the Town of Helen was located. No fence was erected around the Town of Helen to prevent incursion of animals upon the streets from without the incorporate limits. *Held:*

(*a*) The ordinance was an exercise of the police power of the municipality, and was fully authorized by the above-quoted provisions from sections 20 and 29 of the charter.

(b) The ordinance was applicable to the impounding of all hogs running at large within the limits of the town, including, among others, hogs released by owners at their residences outside of the town.

(c) The charge that said ordinance "is void for the reason that it violates article one, section one, paragraph three, of the constitution of the State. of Georgia, as set out in section 6359 of the Civil Code of Georgia of 1910, as follows: 'No person shall be deprived of life, liberty, or property, except by due process of law,'" without stating wherein it violates that provision of the constitution, is too indefinite to invoke a ruling upon unconstitutionality of the ordinance. Civil Code, § 6392: *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363); *Carswell* v. *Wright,* 133 *Ga.* 714 (4) (66 S. E. 905).

(d) For like reason the further charge that said ordinance violates the provisions of the fourteenth amendment to the Federal constitution, which declares: "nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws," is insufficient to invoke a ruling upon unconstitutionality of the ordinance.

(e) The ordinance is not violative of article 1, section 1, paragraph 4, of the constitution of the State of Georgia, which provides that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both," because "it provides no court in which to try the rights of the property impounded and sought to be sold, nor to try the rights to impound."

3. At the interlocutory hearing upon the pleadings, which were also read as evidence without objection, in an action by the owner of certain hogs to enjoin the municipality and the marshal of the town from impounding and selling certain hogs of the plaintiff, running at large within the corporate limits, the judge did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 7350. October 1, 1930.

*G. Fred Kelley,* for plaintiff.

*C. H. Edwards* and *Wheeler & Kenyon,* for defendants.