JORDAN *v.* THE STATE.

No. 8043. JUNE 11, 1931.

*Andrew J. Tuten,* for plaintiff in error.
*A. B. Spence, solicitor-general,* and *C. A. Williams,* contra.

ATKINSON, J. Ethel Jordan, on trial in the criminal court of Bacon County for misdemeanor, filed a plea of not guilty and a special plea to the jurisdiction; and after verdict of guilty and sentence by the judge she presented to the superior court a petition for certiorari, complaining of the verdict and judgment. The specific grounds of complaint relate to alleged error in refusing to sustain the special plea to the jurisdiction on the several grounds set forth therein, and to insufficiency of the evidence to support the verdict of guilty. A writ of certiorari was refused, and the exception is to that judgment.

1. One part of the special plea to the jurisdiction assails the legality of the court on the ground that it exists only by authority of the act of 1929 (Acts 1929, p. 394), authorizing the establishing of county criminal courts "in such counties of this State as have a population of not less than 6,458 and not more than 6,462, according to the census of the United States of 1920, upon the recommendation of any grand jury in any such county," and "that said act . . is unconstitutional, being in conflict with article 1, section 4, paragraph 1, of the constitution of Georgia (Civil Code, § 6391), which provides that 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law,' and said act is therefore null and void." This charge as to unconstitutionality of the statute, failing to state wherein the

statute violates the specified provisions of the constitution, is too indefinite to invoke any ruling upon constitutionality of the statute. *Curlis* v. *Town of Helen,* 171 *Ga.* 256(2c) (155 S. E. 202), and cit.

2. Another part of the special plea alleges that the act is not operative in Bacon County, because, although the grand jury recommended establishment of the court, the ordinary of the county did not comply with the requirements of section 5 of the act, as to calling an election for judge and solicitor of the court and advertising the same by posting notice thereof before the court-house door or publication in the official organ of the county. If these would in law be good grounds of attack on the jurisdiction of the court, the only evidence offered to support this charge was the testimony of the ordinary that he did not perform those acts, and that during the interval in which such acts should have been performed he was illegally deprived of his office, and another person, though ineligible, was holding the office, under an election and a commission by the Governor. There was no evidence that the person so acting as ordinary did not call and advertise the election as provided in section 5 of the act. His acts in such matters would have been valid as a de facto officer. The defendant did not support the burden of proving this ground of attack upon the court.

3. The act is not illegal, as contended, because section 8 violates public policy, in that it provides fees for the judge for prescribed services in lieu of salary, thus rendering the judge directly interested in each case tried before him. Nor is the act illegal because section 8 of the act conflicts with Civil Code § 4642, which disqualifies a judge from presiding in a case in which he is pecuniarily interested.

4. The entire act is not illegal and insufficient to confer jurisdiction upon the court, for any of the alleged reasons: (a) That section 26 of the act provides for trial "upon written accusation," and under the general laws of the State relating to county courts "defendants may demand indictment by the grand jury." (b) That section 32 of the act denies all right of appeal to a jury, and restricts the remedy of a losing party to the writ of certiorari to the superior court, which "is contrary to the general law." (c) That section 34 of the act limits the time for applying for the writ of certiorari to 10 days after the trial, and allows the petition to be

presented to the judge of an adjoining circuit; whereas the time provided for by the general law (Civil Code, § 5188) for making the application is "within thirty (30) days after the final determination of the case," and under the general law (Civil Code, § 5182) it is provided that "no judge of the superior court shall grant or issue any writ of certiorari out of his judicial circuit, unless there shall be a vacancy in any of the other circuits." (d) That section 16 of the act provides that in case of his disqualification, it shall be the duty of the judge "to call in some judge of a superior court or city court" to try the case; whereas there is no provision of law or of the constitution authorizing judges of the superior courts or city courts to preside in a "county criminal court;" also that section 16 of the act is violative of article 6, section 5, paragraph 1, of the constitution of this State (Civil Code, § 6519), wherein it is provided that in any county in which there may be a city court the judge of such court and the judge of the superior court may preside in the respective courts of the other.

5. The act in question is not void, as contended, because it violates article 6, section 9, paragraph 1, of the constitution (Civil Code, § 6527), which provides that "the jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly," on the ground, as alleged, "that there is no uniformity of proceedings in said court, that the procedure in said court is different from any other courts in the State of Georgia, and that said county criminal court of Bacon County is the only court of its kind in said State."

6. Under the pleadings and the evidence there was no merit in the exception to the judgment rendered by the county criminal court overruling the plea to the jurisdiction.

7. The testimony of the officers, as to finding the liquors in the defendant's place of business, was sufficient to support the charge of possessing intoxicating liquors, although the defendant in her statement before the jury denied knowledge of its presence in the building, and claimed that it must have been placed there by a named person for the purpose of convicting her of the charge.

*Judgment affirmed. All the Justices concur.*