WALDEN *v.* SELLERS.

No. 8915.   April 16, 1932.

*T. B. Higdon,* for plaintiffs in error.

*Edgar Watkins Jr.,* and *John Wesley Weekes,* contra.

GILBERT, J. Under the petition and the evidence it is obvious that the court erred in granting an interlocutory injunction. The only evidence produced by the petitioner to substantiate the allegations of the petition with regard to arrest was the testimony that Walden, the police officer, had told Sellers on the telephone that he was "going to arrest him," or that Sellers was "liable for arrest" for stopping the payment of the check, and telling counsel for petitioner the same. There was no overt act, and no act of any kind by the defendant, tending to carry out the purpose of arresting petitioner. On the contrary both the police officer and the recorder testified, on the hearing, that they had no intention of arresting the petitioner on the charge mentioned, or any other. The petitioner does not seek to enjoin any proceeding in the recorder's court, nor is there any proceeding against petitioner pending anywhere, in so far as the petition discloses. Absolutely all that can be said, when the facts are reduced to their essential

parts, is that the police officer told the petitioner and his counsel that he would arrest Sellers, or that he was "liable for arrest" for giving the check in lieu of the bond and then stopping payment on the same. Merely because of a suggestion that non-payment would render him liable for arrest, he seeks the aid of the extraordinary power of injunction to restrain the officers of the municipality who have not arrested him, and who disclaim any intention to arrest him, and who are in no way interfering with his person or his property.

The constitutional points made are without merit. The court erred in granting an interlocutory injunction.

*Judgment reversed. All the Justices concur.*