## MONTGOMERY AND ATLANTA MOTOR FREIGHT LINES v. GEORGIA PUBLIC SERVICE COMMISSION.

No. 9115. October 15, 1932.

830

*C. N. Davie, J. F. Kemp, L. S. Camp,* and *F. T. Grizzard,* for plaintiff.

*John I. Kelley, assistant attorney-general,* for defendant.

PER CURIAM. ■ The act of 1931 (Ga. Laws, Ex. Sess. 1931, p. 102, sec. 4) provides: "No motor carrier shall, after this act goes into effect, operate without first obtaining from the commission, after hearing under the provisions of this act, a certificate of public convenience and necessity, pursuant to findings to the effect that the public interest requires such operation." The said act (p. 106, sec. 8) contains the following: "The provisions of this section and the succeeding section 9 shall apply to motor carriers who do not pursue the business of a common carrier, but operate as contract or private carriers for hire, and the rates, fares, and charges prescribed for such contract or private carriers shall be the same as those prescribed for common carriers by motor vehicle, and no such private or contract carrier shall contract to carry at a greater or less rate than prescribed by the commission, and all such contracts are hereby declared unlawful. . . All other provisions of this act, except where expressly stated otherwise, shall extend to and apply to such contract or private carriers." The "motor common-carriers act of 1931" (Ga. Laws 1931, p. 199), sec. 33, provides: "All laws and parts of laws in conflict herewith and the motor-carriers act of 1929 and the motor-carriers act of 1931, so far as they apply to motor common carriers, are hereby superseded and repealed." Thus it is seen that the act mentioned above, enacted at the extra session of 1931 (Ga. Laws 1931, Ex. Sess. p. 99), was not repealed in so far as it applied to private or contract carriers. In fact counsel for the plaintiff say: "It does not affirmatively appear that the act passed at the extraordinary session (1931) was repealed with respect to private or contract carriers."

■ The "motor common-carriers act of 1931," enacted at the regular session of that year, is expressly restricted in its applica-

tion to common carriers. The plaintiff denies that it is a common carrier, and is not dealt with as falling within that classification. The last-cited act, therefore, was not construed by the trial court as applicable to this case.

■ The petition alleges that the attempt of the Georgia Public Service Commission to regulate the business of the plaintiff, a private carrier, is unlawful, arbitrary, capricious, and without authority of law, and that to permit the commission to regulate the plaintiff's business would be "to permit trade and commerce to be limited and restricted, and would violate and contravene the commerce clause of the constitution of the United States." That clause is restricted in its terms to the control of *interstate* commerce. The business of the plaintiff, according to its allegations, is not interstate, but *intrastate*. The State has full power and authority to regulate and control business within its jurisdiction, unless such regulation and control conflicts with the terms of its own or the Federal constitution.

■ In general terms the petition alleges "that the motor-carriers act passed at the extraordinary session of the legislature in 1931 is unconstitutional, null and void," because it violates art. 1, sec. 3, par. 1, and art. 1, sec. 1, par. 3, of the State constitution (Civil Code (1910), §§ 6388, 6359), and the fourteenth amendment to the constitution of the United States. The allegations with respect to these objections are set out in full in the statement of facts. These allegations are insufficient to raise any constitutional question for determination. *Lafitte* v. *Burke,* 113 *Ga.* 1000 (39 S. E. 433); *Jackson* v. *State,* 118 *Ga.* 780 (45 S. E. 604); *Newkirk* v. *Southern Railway Co.,* 120 *Ga.* 1048 (48 S. E. 426); *Curtis* v. *Town of Helen,* 171 *Ga.* 256 (155 S. E. 202).

(a) It is alleged that the act of 1931 violates art. 1, sec. 1, par. 2, of the State constitution (Civil Code (1910), § 6358). The petition does not allege specifically how and wherein the act violates that paragraph of the constitution. It is not sufficient to allege that the act grants privileges or immunities to certain citizens not enjoyed by plaintiff and others similarly situated. It is not sufficient to allege that "certain citizens" or "certain operators for hire are exempt from regulation under the act and payment of license tax," without pointing out specifically what "certain operators" are exempt. The act exempts from its provisions seven different classes

of motor-vehicle carriers. It is not pointed out which one or more of these seven classes this allegation is intended to specify. This allegation can not be construed as complaining of all of the exemptions; otherwise the term "to certain citizens" or "certain operators" would not have been employed. Therefore the allegation is defective in not specifying which one or more of the classes were intended to be specified.

(b) An allegation that an act deprives the plaintiff of its property without due process of law, and deprives it of the equal protection of the law of the land, in contravention of the constitution of the United States, fails to point out how and in what particular the petitioner is deprived of such constitutional protection.

(c) The same ruling as to insufficiency of the above allegations applies to that portion of the petition which alleges that sections 2, 3, and 4 of the motor-carriers act (Ga. Laws, Ex. Sess. 1931, p. 99) are unconstitutional and void, because they grant privileges or immunities to certain citizens of the United States not enjoyed by plaintiff and others similarly situated, and because it deprives the plaintiff of its property without due process of law, and of equal protection of the law. These allegations are insufficient, because they do not sufficiently specify how and wherein plaintiff is deprived of such constitutional protection. It is merely alleged that under "said section of said act plaintiff will be deprived of its property without due process of law, and said act deprives it of the equal protection of the laws of the land, in contravention of the constitution of the United States of America."

■ It is alleged that the act is "unconstitutional and void, because of indefiniteness and uncertainty," in that the regulations prescribed in said act apply to both common and contract or private carriers for hire and compel a layman to ascertain at his peril what provisions of the act are applicable to a common carrier and what provisions are applicable to a private-contract carrier. The act is not void for the reasons stated. This allegation is also too indefinite to raise any constitutional point for decision. It is not pointed out why and in what particular the act offends the constitution.

■ The prayers were for a decree declaring section 2 of the motor-carrier act (Ga. Laws, Ex. Sess. 1931, p. 99) to be uncon-

stitutional and void; also declaring plaintiff to be a private carrier and not subject to the rules and regulations of the Georgia Public Service Commission, and not subject to the motor-carrier acts (Ga. Laws, Ex. Sess. 1931, p. 99) and (Ga. Laws 1931, p. 199), together with injunction restraining the commission "from regulating or attempting to regulate the business of plaintiff and from arresting or causing to be arrested the members of the plaintiff partnership and its employees, or from threatening to arrest them, or from in any other way interfering with the business and affairs of plaintiff or its property." We hold that the "motor-carrier act of 1931" (extra session) applies to petitioner, and, no constitutional question being raised, that petitioner is subject to the rules and regulations of the Georgia Public Service Commission. The "motor common-carriers act of 1931" (Ga. Laws 1931, p. 199) does not apply to the plaintiff. The court did not err in refusing to grant an injunction.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

GILBERT, J. The writer concurs in all of the rulings above stated. He is of opinion, however, that the plaintiff had an adequate remedy at law. "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." Civil Code (1910), § 5491. The petition alleges no facts sufficient to take it out of the general rule. *Bowden* v. *Georgia Public Service Commission,* 170 *Ga.* 505 (153 S. E. 42), and cit.; *Walden* v. *Sellers,* 174 *Ga.* 774 (163 S. E. 897). Mere threats which consist of notice by the Georgia Public Service Commission that an act of the General Assembly will be enforced, which said act provides punishment as for a misdemeanor for violations thereof, afford no right for the intervention of the drastic remedy of injunction by a court of equity.