HUIET, commissioner, *et al., v.* DAYAN *et al.*

BELL, Justice. 1. This court will not pass upon the constitutionality 'of an act of the General Assembly, unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. *Yarbrough* v. *Georgia Railroad & Banking Co.,* 176 *Ga.* 780 (168 S. E. 873).

2. In order to raise a question as to the constitutionality of a statute, "the statute which the party challenges, and the provision of the constitution alleged to have been violated, must both be clearly specified; and it must also be shown wherein the statute violates such constitutional provision." *Abel* v. *State,* 190 *Ga.* 651, 653 (10 S. E. 2d, 198). See *Stewart* v. *Board of Commissioners of Echols County,* 192 *Ga.* 139 (2) (14 S. E. 2d, 728).

3. In the instant case, even if there was sufficient specification of the statute and of the constitutional provisions alleged to have been violated, there was no averment stating or showing *wherein* they were violated; nor does it appear that the constitutionality of the statute was passed on by the trial judge. For each of these reasons, it must be held that the record does not present any such question as to the constitutionality of a statute as would confer jurisdiction upon the Supreme Court; and there being no other basis for jurisdiction in this court, the case must be transferred to the Court of Appeals. Code, §§ 2-3005, 2-3009.

*So ordered. All the Justices concur.*
No. 14152. JULY 15, 1942.

*A. L. Henson, Clifford Walker* and *Otis L. Hathcock,* for plaintiffs in error.   *Dillon & Rose,* contra.