1. Allegations that an act of the General Assembly is "inconsistent" with quoted provisions of the Constitution, that a stated Code section is "inconsistent" with stated constitutional provisions, and that such Code section "is a nullity," present no question for judicial determination, since they fail to point out wherein the act or the Code section is inconsistent with the constitutional provisions, or *Page 750 
wherein the Code section is invalid. Curtis v. Helen, 171 Ga. 256, 257 (155 S.E. 202); Jordan v. State, 172 Ga. 857
(159 S.E. 235); Williams v. McIntosh County, 179 Ga. 741 (177 S.E. 248); Rose Theatre v. Lilly, 185 Ga. 53 (193 S.E. 866); Williams v. State, 187 Ga. 415
(1 S.E.2d 27); Scott v. State, 187 Ga. 702, 703 (4) (2 S.E.2d 65).
2. The answer of the respondent in this case raised no question for judicial determination, and it was error to overrule the demurrers to such answer.
Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.
 No. 15968. OCTOBER 16, 1947.
J. C. Estes and others, as citizens and taxpayers of DeKalb County, applied for leave to file an information in the nature of a quo warranto, to inquire into the right of Samuel L. Jones to hold the office of member of the Board of Education of DeKalb County. The accompanying information showed: The respondent had been selected by the grand jury as a member of the Board of Education on August 7, 1945, for the period of one year, and served as such member during the year 1946. The grand jury at the September term, 1946, selected the respondent to succeed himself as a member of the board, for a term of five years, and he entered upon a new term on or about January 1, 1947. By an act approved February 22, 1943 (Ga. L. 1943, pp. 271, 272), it is provided that in all counties of this State having a population of not less than 85,000 and not more than 90,000, according to the United States census of 1940, or any future census, a member of the county board of education shall not be eligible to succeed himself at the expiration of his term of office, or for a period of two years following the expiration of his term, and that the successor to any member of the board shall be selected from a militia district different from that of his predecessor. The respondent has been a resident of the same militia district since he was first selected for membership on the board. The relators urged that the respondent was ineligible and disqualified for membership upon the board to succeed himself for a new term, and prayed that the office claimed by him be declared vacant. Leave was granted to file the information, and the respondent was cited to show cause why the prayers of the relators should not be granted. *Page 751 
The respondent filed an answer admitting the facts set out in the petition, but alleging that the act set out in the complaint would not be controlling, because such act is inconsistent with the Constitution of the State in the following particulars: (a) "Said act is inconsistent with article VIII, section V, paragraph 1, of the Constitution of the State of Georgia, which reads as follows: [Quoting.]" (b) "Said Act is inconsistent with article I, section IV, paragraph I of the Constitution of Georgia, which reads as follows: [Quoting.]" (c) "Respondent shows further that the act set out in paragraph 6, of the complaint sought to amend Section 32-902 of the Code of Georgia (Acts, 1919, page 320), which said section created a statutory public office, and which section is inconsistent with the constitutional provision set forth above as article VIII, section V, paragraph I, and that said Code section is a nullity and is no longer of force as a statute under the laws of Georgia, and that said section and the amendment thereof set forth in paragraph 6 of the complaint is a nullity and is no longer of force." There was also a general allegation in the answer that "the statute on which relators base these proceedings is inconsistent with the Constitution of the State of Georgia and is unconstitutional."
The relators filed a demurrer to the answer of the respondent, on the ground that the response is insufficient to raise any issue of law against the relief prayed for by them, and should be stricken. They demurred to the allegations of paragraph 3 (wherein the act of 1943 was alleged to be inconsistent with specified provisions of the Constitution), on the ground that such allegations are mere conclusions of the pleader and fail to allege any valid reason why the act of 1943 is inconsistent with the constitutional provisions.
The trial court overruled the demurrers of the relators to the answer of the respondent, and decreed that the respondent is not ineligible to hold office as a member of the Board of Education of DeKalb County, to which rulings the relators excepted.