MANUFACTURERS TRUST CO. *v.* WILBY-KINCEY SERVICE CORP.

WYATT, Justice. An attachment having been sued out against one Lawrence, as a non-resident of Georgia, a summons of garnishment was served upon a resident garnishee, who answered, admitting an indebtedness to the defendant but alleging that both the plaintiff and the defendant in attachment were non-residents, and that the indebtedness was for wages due by the garnishee to the defendant for services performed wholly without the State of Georgia. To this answer a traverse was filed; and on the trial the court directed a verdict in favor of the garnishee. The only assignment of error in the bill of exceptions is to the direction of the verdict. It is contended in the bill of exceptions that "the statute relied upon by the garnishee" (Code, § 8-502), which provides that the writ of attachment shall not be used to subject wages of persons who reside out of the State, and which have been earned wholly without the State, does not exempt from garnishment the salary of an auditor or others "not specifically engaged in labor and menial hire." It is further contended that the statute "is not subject to the construction claimed by the garnishee, and such a construction would be a judicial injustice and judicial legislation, and it would deny to the plaintiff in attachment the 'equal protection of the law to all persons

in like and similar circumstances,' under the State and Federal Constitutions, and the 14th amendment to the Federal Constitution, and deny due and like process to citizens of other States afforded to the citizens of our own State, contrary to the State and Federal Constitution."
*Held:*

1. Giving to the plaintiff in error the benefit of the doubt, that is, granting that the plaintiff in error attempts to draw in question the constitutionality of a statute and not the construction placed thereon by the defendant in error, the record in this case is wholly insufficient to present any constitutional question for determination.

2. In order to raise a question as to the constitutionality of a statute, the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Price* v. *State*, 202 *Ga.* 205 (42 S. E. 2d, 728); *Williams* v. *McIntosh County*, 179 *Ga.* 735 (2) (177 S. E. 248).

3. Neither by the traverse to the answer of the garnishee, by demurrer, objections to evidence, nor otherwise, was any constitutional question raised in the trial court; and the attempt to raise such a question is made for the first time in the bill of exceptions. "This court will not pass upon the constitutionality of an act of the General Assembly, unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Huiet* v. *Dayan*, 194 *Ga.* 250 (1) (21 S. E. 2d, 423).

4. "In the instant case, even if there was sufficient specification of the statute and of the constitutional provisions alleged to have been violated, there was no averment stating or showing wherein they were violated; nor does it appear that the constitutionality of the statute was passed on by the trial judge. For each of these reasons, it must be held that the record does not present any such question as to the constitutionality of a statute as would confer jurisdiction upon the Supreme Court; and there being no other basis for jurisdiction in this court, the case must be transferred to the Court of Appeals." *Huiet* v. *Dayan*, supra. Code, (Ann.), §§ 2-3704, 2-3708.

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16308. September 14, 1948.

*Charles W. Anderson*, for plaintiff in error.
*Durwood Pye*, contra.