PERSONS, Superintendent of Banks, *v.* LEA, *et al.*

HEAD, Justice. The defendants in error brought proceedings in the nature of mandamus against the plaintiff in error, as Superintendent of Banks, to require him to issue a certificate approving a charter for the bank which they sought to establish, under the provisions of the Code, §§ 13-1701, 13-1702, authorizing the institution of such proceedings. On the trial of the case, the judge overruled the demurrers of the plaintiff in error and made the mandamus absolute. The only assignment of error argued and insisted upon in the briefs of counsel for the plaintiff in error is based upon the overruling of ground 3 of the general demurrer to the petition, which was as follows: "Defendant demurs generally to the petition as a whole and specially to each and every paragraph thereof, for the reason that the same seeks to substitute the opinion, judgment, and discretion of the Superintendent of Banks of Georgia. The grant of a charter to a banking corporation has been, by article 3, section 7, paragraph 17 of the said Constitution of Georgia (section 2-1917, Ga. Code, Ann.), expressly made an executive function and power to the extent that sections 1 and 2 of article 16 of the act to regulate banking, approved August 16, 1919, and codified as sections 13-1701 and 13-1702 of the 1933 Code of Georgia, insofar as they seek to substitute the judgment, opinion, and discretion of the superior court for the judgment, opinion, and discretion of the superintendent of banks, are unconstitutional and void because they are in conflict with and in violation of article 1, section 1, paragraph 23 (Ga. Code, Ann., sec. 2-123) of the 1945 Constitution of the State of Georgia, which provides: 'The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall at the same time, exercise the functions of either of the others, except as herein provided.'" *Held*:

1. The above ground of demurrer is too indefinite to raise any question for adjudication. *Carswell* v. *Wright,* 133 *Ga.* 714, 718 (66 S. E. 905); *Curtis* v. *Town of Helen,* 171 *Ga.* 256, 275 (155 S. E. 202); *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235).

2. A constitutional attack upon an act or statute, which does not allege specifically how or wherein the act or statute violates the designated provision of the Constitution, is insufficient to present any question for review. *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363); *Montgomery & Atlanta Motor Freight Lines* v. *Georgia Public Service Commission,* 175 *Ga.* 826, 831 (166 S. E. 200); *Rose Theatre* v. *Lilly,* 185 *Ga.* 53 (193 S. E. 866); *Manufacturers Trust Co.* v. *Wilby-Kincey Service Corp.,* 204 *Ga.* 273 (2) (49 S. E. 2d, 514).

3. Under the foregoing rulings, the judge of the superior court did not err in overruling the above ground of general demurrer and in thereafter making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*

No. 17200. OCTOBER 10, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Eugene Cook,* Attorney-General, *M. H. Blackshear,* and *Lamar W. Sizemore,* Assistant Attorneys-General, for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith,* contra.