20297. IRWIN COUNTY ELECTRIC MEMBERSHIP CORP.
v. HADDOCK *et al.*, by Next Friend.

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Reinhardt & Ireland,* for plaintiff in error.
*McDonald & McDonald,* contra.
*Robert D. Tisinger, D. M. Pollock,* for party at interest not party to record.

HEAD, Justice. 1. The controlling question in this case is whether or not Section 3 of the act of 1939 (Ga. L. 1939, pp. 312, 315; Code, Ann., § 34A-137), amending the Electric Membership Corporation Act of 1937 (Ga. L. 1937, p. 644; Code, Ann., Chapter 34A), is unconstitutional and void for any reason assigned by the petitioners, since the petitioners concede that, if the amendment of 1939 is valid, their cause of action is barred by the statute of limitations therein provided.

The contention by the petitioners that the act of 1939 is unconstitutional and void as being in violation of the due-process clause of the Constitution, "in that it would allow defendant to take property of petitioners other than by due process of law," is insufficient to invoke any ruling by this court. In order to raise a question as to the constitutionality of a "law" (Constitution, article VI, section II, paragraph IV; Code, Ann., § 2-3704), it must be shown wherein the statute violates the constitutional provision. *Curtis* v. *Town of Helen,* 171 *Ga.* 256 (2c) (155 S. E. 202) ; *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235) ; *Gray* v. *City of Atlanta,* 183 *Ga.* 730 (189 S. E. 591) ; *Estes* v. *Jones,* 202 *Ga.* 749 (44 S. E. 2d 550) ; *Krasner* v. *Rutledge,* 204 *Ga.* 380, 382 (49 S. E. 2d 864) ; *Lanier* v. *Suttles,* 212 *Ga.* 154 (91 S. E. 2d 21).

2. The petition as amended does not purport to attack the original "Electric Membership Corporation Act" of 1937 (Ga. L. 1937, p. 644; Code, Ann., Chapter 34A), as being unconstitu-

tional upon any ground. Paragraph 3 of the amendment to the petition sets out section 3 of the amendatory act of 1939 (Ga. L. 1939, pp. 312, 315; Code, Ann., § 34A-137), wherein it is provided that all rights of action growing out of the acquisition of rights-of-way "or the occupying of lands of others by said corporations, shall be barred at the end of twelve months from the date of the accrual of such cause of action"; and the provision that "this limitation shall apply to all persons whether sui juris or not sui juris." It is asserted that this amendment is a special act seeking to vary a general law, Code § 3-1001, in violation of the Constitution, article I, section IV, paragraph I (Code, Ann., § 2-401), without the free consent of the petitioners, who are incapable of consent, being persons under legal disability to contract.

A general law may be repealed, amended, or modified by another general law, but it can not be repealed, amended, or modified by a special law. *Stewart* v. *Anderson*, 140 *Ga.* 31 (78 S. E. 457). The caption or title of the amendatory act of 1939 properly identifies the act to be amended, and properly describes the amendments to be made. Whether the amendatory act of 1939 amends a general or a special law can best be determined from the original Electric Membership Corporation Act of 1937 (Ga. L. 1937, p. 644; Code, Ann., Ch. 34A).

The "Rural Electrification Act of 1936" enacted by the Congress and approved May 20, 1936, authorized the "Administrator" to make loans "for rural electrification and the furnishing of electric energy to persons in rural areas." The term "rural area" is defined to mean "any area . . . not included within the boundaries of any city, village, or borough having a population in excess of fifteen hundred inhabitants, and such term shall be deemed to include both the farm and nonfarm population thereof." U. S. C. A., Title 7, §§ 901, 913.

The Electric Membership Corporation Act of 1937 (Ga. L. 1937, p. 644; Code, Ann., Ch. 34A) defines the term "rural area" as "any area not included within the boundaries of any incorporated or unincorporated city, town, or village, having a population in excess of 1,500 inhabitants, according to the last Federal census, and includes both the farm and nonfarm population." The act of 1937 provides for the formation of

cooperative, nonprofit membership corporations, to be known as electric membership corporations, for the purpose of engaging in rural electrification, etc. The General Assembly has, therefore, made a classification of persons, which classification is pursuant to, and in conformity with, the act of Congress.

"The General Assembly may make classification for the purposes of legislation and may enact general laws with reference to such classes." *Murphy* v. *West*, 205 *Ga.* 116 (1) (52 S. E. 2d 600) ; *Barge* v. *Camp*, 209 *Ga.* 38 (70 S. E. 2d 360). A classification as to persons located in a rural area within the State, as defined by the General Assembly of Georgia and the act of Congress, is a' natural classification. It is not arbitrary; it stands upon reason; it has regard to the character of the legislation of which it is a part (rural electrification) ; and it is coextensive with, and may operate uniformly upon, the entire class to which it is applicable. *Sasser* v. *Martin*, 101 *Ga.* 447, 455 (29 S. E. 278) ; *Thomas* v. *Austin*, 103 *Ga.* 701 (30 S. E. 627) ; *Union Savings Bank &c. Co.* v. *Dottenheim*, 107 *Ga.* 606 (34 S. E. 217) ; *McGinnis* v. *Ragsdale*, 116 *Ga.* 245 (42 S. E. 492) ; *Futrell* v. *George*, 135 *Ga.* 265 (69 S. E. 182) ; *City of Atlanta* v. *Hudgins*, 193 *Ga.* 618 (19 S. E. 2d 508). It follows that the Electric Membership Corporation Act of 1937 is a general law.

The 1939 amendment (Ga. L. 1939, pp. 312, 315; Code, Ann., § 34A-137), in its scope and entirety, purports to be, and is, an amendment of a general law. The contention that the 1939 amendment to the 1937 act is unconstitutional and void, as a special act varying the petitioners' rights under a general law (Code § 3-1001), without their consent, can not be sustained. The fixing of periods of limitation to operate in futuro (in this case a limitation was enacted approximately fifteen years prior to the alleged cause of action) is peculiarly a matter of legislative control.

For further reference to the rights, powers, and privileges of electric membership corporations created pursuant to the 1937 act (Ga. L. 1937, p. 644; Code, Ann., Chapter 34A), see: Constitution, article VII, section I, paragraph IV (Code, Ann., § 2-5404) ; *Hagans* v. *Excelsior Electric Membership Corp.*, 207 *Ga.* 53 (60

S. E. 2d 162); *City of McCaysville* v. *Tri-State Electric Co-operative,* 211 *Ga.* 5 (83 S. E. 2d 598); *Cobb County Rural Electric Membership Corp.* v. *Board of Lights &c. of Marietta,* 211 *Ga.* 535 (87 S. E. 2d 80); *City of Moultrie* v. *Colquitt County Rural Electric Co.,* 211 *Ga.* 842 (89 S. E. 2d 657).

3. The act of 1939 (Ga. L. 1939, p. 312), amending the Electric Membership Corporation Act of 1937, recites in its caption the purposes of the amendment, among others being "to provide a period of. limitations in which actions for damage may be brought against said corporations growing out of the acquisition of easements and rights of way or any other interests in property by any such corporation." Section 3 of the act of 1939 conforms with the caption or title of the act, and is not subject to the objection that the amendatory act refers to more than one subject matter and contains matter different from that expressed in the caption or title thereof.

The period of limitations fixed by the act of 1939 not being unconstitutional and void as contended, for any reason assigned by the petitioners, it was error to overrule the defendant's general demurrers.

*Judgment reversed. All the Justices concur.*