### 22300.   WALTHER v. WALTHER.

Duckworth, Chief Justice.   This. case is one brought under the Uniform Reciprocal Enforcement of Support Act (Ga. L. 1958, pp. 34, 47).   Section 24 of the Act, *Code Ann.* § 99-925a, provides that "laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this Act" and "husband and wife are competent witnesses and may be compelled to testify to any relevant matter, including marriage and parentage."   Upon authority of this law the alleged father was called for cross-examination.   He interposed an objection upon the ground that this was a quasi-criminal case, that the State would be bound by his testimony, and that he was being required to give testimony against himself.   The objection was overruled, and there is an exception to this ruling.   A motion to dismiss was also made on the ground that a final divorce decree (of a foreign jurisdiction) in evidence recited that there was no issue of said marriage and no evidence was offered to refute this decree. , There is an exception to the judgment denying this motion and to the final judgment awarding support.   *Held:*

It is argued that the ruling requiring the plaintiff in error to testify violated the Fifth Amendment of the United States Constitution (*Code* § 1-805) and Art. I, Sec. I, Par. VI of the State Constitution (*Code Ann.* § 2-106).   There was no attack by demurrer or otherwise upon the Act, and he failed to invoke the Fifth Amendment or other constitutional rights during the hearing when required to testify.   It is also contended that the failure to sustain the motion to dismiss was a refusal to recognize the "Full Faith and Credit" clause of the Constitution, which objection is also not shown to have been made at the time of the ruling.   No constitutional attack was made in the lower court which could give this court jurisdiction of the writ of error.   *Loftin v. Southern Security Co.*, 162 Ga. 730 (134 SE 760); *Huiet v. Dayan*, 194 Ga. 250 (21 SE2d 423); *Thompson v. Allen*, 195 Ga. 733 (25 SE2d 423).   Since the case is not otherwise within the jurisdiction of this court, it must be

*Transferred to the Court of Appeals.   All the Justices concur.*

Submitted January 13, 1964—Decided February 6, 1964. .

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Sylvan A. Garfunkel, Assistant Solicitor General,* contra.