31664.   PRICE v. THE STATE.

DECIDED NOVEMBER 1, 1947.

*Thomas A. Jacobs Jr.*, for plaintiff in error.

*O. L. Long, Solicitor*, contra.

MacINTYRE, P. J. 1. Many of the questions presented for our determination in this case were decided adversely to the contentions of the defendant in the case of *Stone* v. *State*, supra. Grounds one and two of the defendant's demurrer are controlled by division one in *Stone* v. *State*, supra; ground three is controlled by division four; ground five is controlled by division two; ground eight is controlled by division five. We have carefully considered grounds four, six, seven, nine, ten, and eleven of the defendant's demurrer and find no reversible error. The trial judge did not err in overruling the defendant's demurrer.

2. Special ground one of the defendant's amended motion for new trial is controlled adversely to the contention of the defendant by division five of the opinion in *Stone* v. *State*, supra; special grounds two and four are controlled by division six of the opinion in *Stone* v. *State*, supra, and by the ruling of the Supreme Court in *Price* v. *State*, 202 *Ga.* 205 (42 S. E. 2d, 728), which was transferred from the Supreme Court to this court; special ground three is controlled by division eight; and special ground five is controlled by division thirteen.

3. Count four of the accusation alleges that the accused did then and there unlawfully cause, induce, persuade, and encourage Evelyn Pritchett to become a prostitute and to become and remain an inmate in a house of prostitution located at 948 Montpelier Avenue, Macon, Bibb County, Georgia.

The judge instructed the jury as follows: "Now, I charge you if you believe beyond a reasonable doubt this defendant did cause or induce or persuade or encourage by promise or other scheme or device, the female named in the count to become a prostitute or to become or remain an inmate of a house of prostitution, if it was such a house, you would convict the defendant. . . On the other hand, as to counts three and four, should you find the defendant did not cause, induce, persuade or encourage by promise or other scheme or device, the female named in the count to become a prostitute or to remain an inmate of a house of prostitution . . you would acquit the defendant on counts three and four."

In special ground six the defendant assigns this charge as error because it authorized the jury to convict under count four if the accused used other schemes and devices when there was no such allegation in the count.

The offense here charged is a statutory offense and is alleged substantially in the language of the statute. It is alleged "so plainly that the nature of the offense charged may easily be understood by the jury" (Code, § 27-701), and is full enough to put the accused on notice of the offense with which he is charged and is sufficiently specific. *Glover v. State,* 126 *Ga.* 594, 597 (55 S. E. 592).

That portion of the charge to which the defendant excepted discloses no reversible error.

4. The judge instructed the jury as follows: "If you believe her [defendant] contentions to be true, then you would find her not guilty on all of the counts. . . In the event you find the defendant guilty under the second count in the accusation only, the form of your verdict would be, 'We, the jury, find the defendant guilty under the second count.' Should you find her guilty under the third count of the accusation only, then the form of your verdict would be, 'We, the jury, find the defendant guilty under the third count.' Should you find her guilty under the

fourth count of the accusation or the fifth count of the accusation only, the form of your verdict would be, 'We, the jury, find the defendant guilty under the fourth or the fifth count,' whichever is true, if either is true. Should you find the defendant guilty under all of the counts, that is, the four counts remaining in the case, the form of your verdict would be general, that is, 'We, the jury, find the defendant guilty.' Should you find the defendant not guilty on all of the counts, the form of your verdict would be, 'We, the jury, find the defendant not guilty.' . ."

The defendant contends that the charge did not sufficiently instruct the jury as to their right to convict on one or more counts and acquit on the other counts, and that the jury probably thought they had to convict on all counts or acquit on all counts.

We are of the opinion that the charge shows no reversible error. See, in this connection, *Nix* v. *State*, 120 *Ga.* 162 (3) (47 S. E. 516); *Payne* v. *State*, 74 *Ga. App.* 646, 655 (40 S. E. 2d, 759).

The trial judge did not err in overruling the demurrers and the motion for new trial as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*