### 10898.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* JONES.

1.   The bill of exceptions contains a proper assignment of error upon the exceptions pendente lite.

2.   The amendment to the plaintiff's petition was improperly allowed.

3.   The order overruling a demurrer to the petition as amended, which demurrer was based upon the same objections that had been urged to the allowance of the amendment, did not, as to the questions raised on the exceptions to the allowance of the amendment, amount to an adjudication or fix the law of the case.

DECIDED MARCH 2, 1922.   REHEARING DENIED MARCH 4, 1922.

Action for damages; from city court of Houston county — Judge Riley.   July 26, 1919.

Application for certiorari was denied by the Supreme Court.

The Court of Appeals certified to the Supreme Court the following questions:

" 1.   Where a suit brought against a railroad company by an employee, to recover damages for personal injuries

received by him while employed by the defendant, in which there is no allegation showing whether he was entitled to recover under the State statute or the Federal employer's liability act, has, under the State statute, by his death, survived to his administratrix, and where the administratrix, who is his widow, has been properly made a party plaintiff to the suit, is the petition subject to amendment by the administratrix, as the personal representative of the deceased employee, where the amendment alleges a right of action under the Federal employer's liability act, surviving to the administratrix as the personal representative of the deceased employee, for the benefit of the beneficiaries named in the act, and where it also alleges a right of action under the act in the administratrix as the personal representative of the deceased employee, for the pecuniary loss resulting to the beneficiaries named in the act on account of his death ?

"2.  Was such an amendment properly allowed over the following objections offered by the defendant: (1) Because the suit brought by the deceased during his lifetime is not amendable by setting up therein or grafting thereon a suit for the right of action given by the statute (the Federal employer's liability act) for the pecuniary loss to the widow and children of the said deceased caused by his death; (2) because the amendment attempts to set up a new, separate, and independent cause of action; (3) because the cause of action attempted to be declared on by the said amendment did not exist at the time the original suit was brought by the deceased, and cannot be grafted on the original suit by amendment ? "

The Supreme Court in its answer to the above questions, held that " an amendment by the personal representative of the deceased employee, alleging a cause - of action under the Federal employer's liability act, for damages for the pecuniary loss to the designated beneficiaries by the death of the employee, added a new and distinct cause of action — a cause of action not in existence while the employee lived, and its allowance was therefore contrary to State practice, in view of the Civil Code (1910), § 5683, which declares that 'No amendment adding a new and distinct cause of action  .  .  shall be allowed, unless expressly provided for by law.' " 152 *Ga*. 92.

The trial court having allowed the amendment, and a verdict

and judgment having been found for the plaintiff, the case is brought to this court by the defendant on exceptions to the allowance of the amendment; also, on exceptions to a judgment on a demurrer to the amendment, and to the overruling of the defendant's motion for a new trial.

*Jordan & Moore,* for plaintiff in error.

*Emmett Houser, T. S. Felder,* contra.

STEPHENS, J. (After stating the foregoing facts.) The bill of exceptions in this case contains the following assignment of error: "Whereupon this defendant then and there excepted pendente lite, its exceptions being duly certified and entered of record; and this defendant specially assigns error upon the judgment of the court allowing said amendment, and not disallowing the same." The defendant in error insists that this is not a sufficient assignment of error upon the exceptions pendente lite, and that the act of August 15, 1921 (Ga. L. 1921, p. 252), regulating and prescribing certain procedure and practice in the Supreme Court and the Court of Appeals, which went into effect after the case was called for a hearing in this court, is not applicable. He contends that this court now has no more jurisdiction to pass upon the assignment of error than it had at the time the case was argued. We are not prepared to hold that this assignment of error was an insufficient assignment of error upon the exceptions pendente lite before the adoption of the act of 1921. The bill of exceptions sets out the substance of the amendment excepted to and a verbatim copy of the objections urged thereto, and following such recitals is an assignment of error in the words above quoted. The record contains a copy of the amendment and the written objections urged by the defendant, the order of the court overruling the same and allowing the amendment, and the exceptions pendente lite excepting to such ruling. The act of 1893 (Ga. L. 1893, p. 52), as codified in the Civil Code of 1910, § 6183, reads as follows: "It shall be unlawful for the Supreme Court of Georgia to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." This,

of course, applies to this court. We conclude therefore that there is enough in the bill of exceptions and the transcript of the record, taken together, to enable this court to ascertain the real question sought to be raised by the plaintiff in error and presented to this court for decision, namely, the validity of the allowance of the amendment over the written objections urged thereto by the defendant in the court below. There are a number of decisions of the Supreme Court of Georgia which hold that certain assignments of error in bills of exceptions, complaining of rulings made to which exceptions pendente lite have been taken, are insufficient and will not be considered. We know, however, of no authoritative utterance of that court which holds that an assignment of error in substantially the language above quoted, where a sufficiency of the record appears, was an insufficient assignment of error upon the exceptions pendente lite.

We are not unmindful of the decisions of this court, rendered by both divisions, and in one of which the writer concurred, which hold that an assignment of error in a bill of exceptions in terms substantially of the assignment of error here under consideration, is an insufficient assignment of error upon exceptions pendente lite. With all due respect to those decisions, we are of the opinion that the rule which they lay down is not supported by the decisions of the Supreme Court, and moreover that they are in conflict with the previous statutory enactment contained in the Civil Code (1910), § 6183, which provides that there shall be no dismissal of any case "where there is enough in the bill of exceptions or in the transcript of the record, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." Whether or not a decision of the Court of Appeals rendered by a full bench of three judges can be overruled only by a full bench after a review, it follows in any event that where a decision is in conflict with a previous statutory enactment, to which the decision itself has made no reference, and the decision is made without reviewing or in any way construing the statute, the decision can subsequently be rejected as authority for the proposition announced, without being brought under review and formally overruled. It being a choice between an act of the legislature and a subsequently conflicting decision of the court, the act of the legislature speaks with

imperative and controlling authority and must be followed in preference to the judicial utterance in conflict therewith. Especially are we fortified in this position when we consider that the act of 1921, relating to the practice in the courts of review of this State, declares that, in view of the provisions contained in the Civil Code (1910), § 6183, an assignment of error in a bill of exceptions such as we now have under review is a sufficient assignment of error upon exceptions pendente lite. Assuming that this act is not retroactive and does not apply to the present case, as contended by counsel for the defendant in error, it is nevertheless persuasive authority as to the construction which should always have been placed upon section 6183 of the Civil Code.

We therefore hold that the assignment of error in the bill of exceptions, assigning error on the allowance of the amendment to the petition, is a sufficient and valid assignment of error and presents for decision by this court the question as to whether or not the trial judge erred in allowing the plaintiff to amend the petition, over certain objections urged by the defendant.

2. The amendment to the petition, which was allowed over the foregoing quoted objections by the defendant, was in two counts. The first count alleged a right of action under the Federal " employer's liability act," surviving to the plaintiff as administratrix and as the personal representative of the deceased employee, for the benefit of the beneficiaries named in the act, and second count alleged a right of action under the act in the plaintiff as the administratrix and as the personal representative of the deceased employee, for the pecuniary loss resulting to the beneficiaries named in the act, on account of his death. Under the ruling of the Supreme Court in answer to the certified questions (152 *Ga.* 92, 108 S. E. 618), the amendment was improperly allowed, since the second count, setting out a right of action for the pecuniary loss resulting from the death of the employee, set up a new and distinct cause of action from that which had been set out in the petition as originally brought by the employee himself for personal injuries received by him while in the employ of the defendant and which at his death had survived to his personal · representative who had been made party plaintiff. This amendment having been improperly allowed, the subsequent proceedings were nugatory, and it is unnecessary to inquire into the assign-

ments of error to the overruling of the demurrers to the amendment excepted to, or to the overruling of the motion for a new trial. The verdicts and judgments rendered upon both counts of the petition as amended must therefore be set aside.

The contention of counsel for the defendant in error that since part of the amendment offered, and which was allowed, was good and properly allowable, the court did not err in allowing the whole amendment, is without merit. The cases cited and relied upon in support of this proposition are all instances where attacks were made upon existing pleadings and where it was sought to strike or dismiss them in their entirety. Of course pleadings can not be stricken in their entirety when good in part, although otherwise defective. Where, however, an amendment fatally defective in part, although otherwise allowable, is offered, and its allowance is objected to on the ground of such defect, the entire amendment must be rejected. Before matter which is good and allowable by way of amendment, contained in an offered amendment which is partly defective, can be allowed and engrafted upon the existing pleadings, the offered amendment must first be stripped of the objectionable matter and only that which is good should be tendered. *White* v. *Little,* 139 *Ga.* 522 (4) (77 S. E. 646).

The objections urged to the amendment offered in the instant case, being that certain matters contained therein were objectionable and could not by amendment be added to the plaintiff's petition, went to the whole amendment as offered, and, the amendment being defective in the manner alleged, it was necessarily, in its entirety as framed and constituted containing the objectionable matter, improperly allowed.

Whether the institution of an original suit, wherein a right of action surviving to the administratrix as the personal representative of the deceased employee is joined with a right of action in her as the personal representative of the deceased employee for the pecuniary loss resulting from his death, can be maintained it is not necessary here to decide.

3. It is further contended by counsel for the defendant in error that the judgment overruling a demurrer to the petition, which is not excepted to in the present bill of exceptions, was directed to the plaintiff's entire petition as amended, and which demurrer was based upon four special grounds, three of which

were the identical grounds which had been urged against the allowance of the amendment, is the law of the case, or an adjudication of the questions raised in the exceptions urged on the trial by the defendant to the allowance of the amendment offered to the plaintiff's petition. We can not agree with this contention. A judgment on demurrer does not, either on the principle of the law of the case or of res judicata, conclude a party upon any question not passed upon or that was not necessarily involved in arriving at the judgment. *McElmurray* v. *Blodgett, 120 Ga.* 9 (47 S. E. 531). The order on the demurrer reads as follows: "The within demurrer is hereby overruled and disallowed." It amounts to no more than a refusal to dismiss the petition as amended, on any one of the four special grounds assigned in the demurrer, each of which grounds urged that the petition as amended was defective by reason of the existence therein of the count setting up a cause of action in the plaintiff, arising out of the death of the deceased employee. Such judgment did not necessarily involve any conclusion upon the validity of the grounds urged in the demurrer. It was not necessary to pass upon the validity of these grounds in order to render the judgment overruling the demurrer. Such judgment can be sustained on the theory that, while the grounds urged in the demurrer constituted good grounds against the allowance of the amendment, they nevertheless were not proper grounds to be urged against the entire petition as amended. The decision of the Court of Appeals affirming the judgment overruling this same demurrer, reported in 24 *Ga. App.* 532 (101 S. E. 710), announces no law applicable to any question raised by this demurrer which can be regarded as the law of the case, or as amounting to an adjudication of any matter involved in passing upon the objections to the allowance of the amendment.

*Judgment reversed. Hill, J., concurs. Jenkins, P. J., concurs specially.*

JENKINS, P. J., concurring specially. In concurring with the rulings made in this case, I desire to do so without any reference to the correctness or the incorrectness of the previous decisions rendered by this court, and referred to in the first division of the opinion, in respect to the assignment of error upon exceptions pendente lite; this for the reason that in my opinion the correct-

ness of these rulings is no longer controlling, but the question as to whether the assignments shall be considered as properly made is controlled absolutely by the act of the legislature of 1921 (*Ga. L.* 1921, p. 232.) In this respect I differ with the intimation made in the majority opinion that the statute referred to is not retrospective in its operation.

The clauses of the State and Federal constitution prohibiting the enactment of ex post facto laws have reference solely to criminal statutes, although civil statutes retrospective in character, which impair the obligations of contracts or which have the effect of divesting previously acquired rights, stand upon the same basis. A purely remedial statute, although retrospective in character, does not, however, come within such inhibition, where it does not purport to relieve an appellant of any duty or obligation in which the opposite party might have a vested right or interest, but which seeks merely to provide the proper construction which the appellate courts are to give as to what constitutes a proper compliance by an appellant with already existing duties in the enforcement of already existing rights. *Wilder* v. *Lumpkin*, 4 *Ga.* 208; *Baker* v. *Smith*, 91 *Ga.* 142 (16 S. E. 967); *Pritchard* v. *Savannah &c. R. Co.*, 87 *Ga.* 294 (13 S. E. 493); *Willis* v. *Fincher*, 68 *Ga.* 444, 445 (1); *Lears* v. *Seaboard Air-Line Ry.*, 3 *Ga. App.* 614, 618 (60 S. E. 343); 36 Cyc. 1206 (d).