JONES *v.* THE STATE.

No. 13256. JULY 13, 1940.

*Stevens & Stevens,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

BELL, Justice. By an accusation filed in the city court of Richmond County Mrs. Alice C. Jones was charged with the offense of a misdemeanor, for that she did on February 28, 1939, in Richmond County, Georgia, "then and there, by herself, servants, and agents, for money and profit, establish, maintain, and operate a tourist camp outside the limits of an incorporated town or city in the County of Richmond and State of Georgia, which said County of Richmond has a population of more than 57,000 according to the last Federal census. The said establishing, maintaining and operating of said tourist camp was done without securing the permission of the commissioners of roads and revenues of Richmond County, the authority in charge of said county, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant filed a demurrer to the accusation, ground 5 of which was as follows: "That the act of 1937, page 624, which was House Bill No. 430 of the Georgia legislature of 1937, which act became effective on March 30, 1937, and which provides that one establishing, maintaining or operating a tourist camp in counties having a population of more than 57,000, and under which this defendant is charged, is unconstitutional, for the following reasons: (a) Said act violates paragraph 2 of section 3 of article 1 of the constitution of the State of Georgia, which is section 6389 of Park's Civil Code of 1910, which section provides that no law impairing the obligation of contracts shall be passed. (b) That said act violates paragraph 3 of section 1 of article 1 of the constitution of the State of Georgia, which is section 6359 of Park's Civil Code of 1910, which provides that no person shall be deprived of property except by due process of law. (c) That said act violates paragraph 1 of section 10 of article 1 of the constitution of the United States, which is section 6652 of Park's Code of 1910, which provides that no State shall pass any law impairing the obligation of contracts. (d) That said act violates paragraph 5 of section 3 of article 8, which is section 6688 of Park's Code of 1910, which provides that no person shall be deprived of property without due process of law."

The court overruled the demurrer, after which the case pro-

ceeded to trial and resulted in a verdict of guilty. The defendant's motion for a new trial was overruled, and she excepted. The writ of error was made returnable to the Court of Appeals, but was transferred by that court to this court. The transfer was apparently made upon the theory that the constitutionality of a statute was drawn in question, as it is clear that the case does not otherwise come within the jurisdiction of' the Supreme Court. The only part of the record which might be considered as undertaking to raise any question as to the constitutionality of a statute was ground 5 of the demurrer and its subdivisions, as quoted above. No statute was drawn in question by that ground of demurrer, for the reason that it did not show wherein the statute referred to violated the stated provisions of the constitution. *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363) ; *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993) ; *Curtis* v. *Helen,* 171 *Ga.* 256 (2 *c*) (155 S. E. 202) ; *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235) ; *Williams* v. *McIntosh County,* 179 *Ga.* 735, 742 (177 S. E. 248) ; *Johns* v. *State,* 180 *Ga.* 187 (3) (178 S. E. 707) ; *Wright* v. *Cannon,* 185 *Ga.* 363 (195 S. E. 168) ; *Poole* v. *Arnold,* 187 *Ga.* 734, 742 (1 *b*) (2 S. E. 2d, 83) ; Lovell *v.* Griffin, 303 U. S. 444 (58 Sup. Ct. 666, 82 L. ed. 949). The demurrer being insufficient, for the reason indicated, to raise a constitutional question such as would bring the case within the jurisdiction of this court, no decision is necessary as to whether in other respects it might have been sufficient for that purpose. *Abel* v. *State,* 190 *Ga.* 651, and cit. The Court of Appeals, and not the Supreme Court, has jurisdiction. The case must be

*Transferred to Court of Appeals. All the Justices concur.*