## PRICE v. THE STATE.

WYATT, Justice. This is a companion case to *Stone v. State*, ante, both cases having been transferred to this court by the Court of Appeals on the theory that questions as to the constitutionality of a statute had been raised. The two cases were tried separately; and whereas in the *Stone* case no attempt was made to raise a constitutional question on the trial of the case, in the instant case there was an attempt to draw in question the constitutionality of a statute by objections, made on the trial, to certain evidence. Two special grounds of the motion for new trial deal with constitutional questions. Both complain of the admission of similar evidence, the general reputation of a house; and both seek to raise the same constitutional questions in a similar manner. For these reasons reference to one ground only will suffice for the ruling here made. This special ground is as follows: A witness "for the State was allowed to testify on direct examination . . as follows: 'I have heard of the general reputation of the house in which she (Mrs. Price) is now living for lewdness. I know what the community generally says about this house. The reputation is bad, all I have ever heard.' At the time each of said witnesses was asked the question as to the reputation of accused's house, movant objected on the ground that this testimony was irrelevant, inadmissible, and prejudicial. . . Movant also urged that the Acts of 1943, pages 568, 571, codified as section 26-6206 of the Code, was unconstitutional and void because it violated sections 2-1817 and 2-401 of the Code of 1933, and also was in violation of section 38-202 of the Code, which makes the general character and reputation of parties inadmissible, unless the nature of the action involves such character and makes such proof of it necessary and admissible. Movant contended that the Acts of 1943, aforesaid, offended par. 17, art. 3, of the Constitution, which provides that no section of the Code or act shall be amended by mere reference to its title or the number of the section of the Code. Also because said act offended the constitutional provision that laws of a general nature shall have uniform operation throughout the State, and no special law shall be passed when an existing general law is in operation and making provision for the subject matter in the special law." *Held:*

1. "In order to raise a question as to the constitutionality of a 'law' (Code, § 2-3005), the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. . . Since a statute is presumed to be valid and constitutional until the contrary appears, and can not be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it. In so grave or important a matter as declaring invalid an act of a co-ordinate department of government, the courts will not act upon vague and uncertain charges, and should decline to do so unless and until a clear and specific

contention or question is presented for determination." *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198), and cit.

2. The record in the instant case not properly presenting for decision any question as to the constitutionality of a statute, in that there is a failure to show *wherein* any provision of the Constitution has been violated, and the case not being one which otherwise comes within the jurisdiction of the Supreme Court, it is

*Transferred to the Court of Appeals. All the Justices concur.*

No. 15780. MAY 13, 1947.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*O. J. Long, Solicitor,* contra.