## KRASNER v. RUTLEDGE.

No. 16326. October 13, 1948.

June 3, 1948.

*Norman Krasner*, pro se, and *D. W. Krasner*, for plaintiff in error.

*H. C. Morgan* and *Frank A. Bowers*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendant demurred on the grounds (1-3) that the petition fails to set forth a cause of action, legal or constitutional, and fails to set forth any constitutional act or acts of Congress under which the action could be brought, or legally pursued.

The Housing and Rent Act of 1947, amending the Emergency Price Control Act of 1942 (50 U. S. C. A. App., § 901 et seq.) as amended, declares in part: "Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation." U. S. Code Congressional Service (80th Congress, First Session, 1947), pp. 200, 206. The

Housing and Rent Act of 1948 extended rent control to March 31, 1949. U. S. Code Congressional Service 1948, No. 4, 80th Congress Second Session, p. 722.

The trial court did not err in overruling the above grounds of demurrer, since a statute is presumed to be valid and constitutional until the contrary appears. For similar reasons the trial court did not err in overruling the 7th ground of the defendant's demurrer, complaining that the action is brought under an act of Congress and amendments thereto in an effort to exercise war powers, and said war having terminated, any term such as "Defense Area" or "Defense Rental Area" is an imaginary phrase, and in truth has no actual or lawful meaning.

Ground 4 of the demurrer complains that the act and amendments thereto under which the petition is brought are unconstitutional, in that the same are in violation of the provisions of article 1, section 1, and article 2, section 1, and article 3, section 1, of the Constitution of the United States, and the 5th Amendment to said Constitution, and further violate article 4, section 2, and the 7th Amendment to said Constitution of the United States.

In order to raise a question as to the constitutionality of a "law" (Code, Ann. Supp., § 2-3704), the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Abel* v. *State*, 190 *Ga.* 651 (10 S. E. 2d, 198); *Dade County* v. *State of Georgia*, 201 *Ga.* 241, 245 (2b) (39 S. E. 2d, 473); *Price* v. *State*, 202 *Ga.* 205 (1) (42 S. E. 2d, 728).

Ground 4 of the demurrer does not state wherein or in what respect the Emergency Price Control Act of 1942 violates the stated provisions of the Federal Constitution.

Ground 5 of the demurrer, complaining that the act and amendments thereto under which the petition is brought are unconstitutional, in that the same discriminate against that class or group of persons having housing accommodations, and exempt all other classes, or property renters and owners, in violation of the provisions of the Constitution of the United States, and the several amendments thereto, is insufficient to raise any constitutional question, for the reason that it does not show any provision of the Constitution that the defendant claims to have been violated.

Grounds 6 and 8 of the demurrer complain that the Emergency Price Control Act of 1942, and the amendments thereto, are unconstitutional in that no war existed at the time of the enactment of said amended statute; and further that such act as amended omitted and relieved hotels, tourist camps, and all other kinds of housing accommodations, and the leaving to the personal attitude of a so-called Housing Expediter whether or not a housing accommodation should remain within such control discriminates against a class of persons who have housing accommodations, and eliminates all other classes of persons, in violation of the provisions of the Constitution of the United States, and the several amendments thereto, from 1 through 14 thereof; and violates the constitutional rights of the defendant by discrimination, in that his rights to equal protection and due process of laws are violated and abridged, and he is denied property rights and fair compensation for private property as guaranteed by the 5th and 14th Amendments of the Federal Constitution.

Where a statute is challenged as a whole, the attack will necessarily fail unless the statute is invalid in every part for some reason alleged. *Stegall* v. *Southwest Georgia Housing Authority*, 197 *Ga.* 571, 584 (30 S. E. 2d, 196), and cases cited.

In Yakus *v.* United States, 321 U. S. 414 (1) (64 Sup. Ct. 660, 88 L. ed. 834), it was held that the Emergency Price Control Act of 1942, as amended, did not involve an unconstitutional delegation to the Price Administrator of the legislative power of Congress to control commodity prices in time of war. In Bowles *v.* Willingham, 321 U. S. 503 (3) (64 Sup. Ct. 641, 88 L. ed. 892), it was held: "The requirement that the maximum rent or rents established by the Administrator be 'generally' fair and equitable, § 2 (b), does not render the Act violative of the Fifth Amendment. (a) That price-fixing is on a class basis, rather than on an individual basis, does not render it invalid. . . (c) Congress was dealing here with conditions created by activities resulting from a great war effort; it was under no constitutional necessity of providing a system of price control which would assure each landlord a 'fair return' on his property. (d) And though the legislation may have reduced the value of the property being regulated, there was no 'taking' of it." In Fleming *v.* Rhodes, 331 U. S. 100 (3) (67 Sup. Ct. 1140, 91 L. ed. 1368),

it was held that "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution, even though such rights were acquired by judgments."

It thus appearing that the constitutionality of the Emergency Price Control Act of 1942, and the amendments thereto, some of which are lengthy, has frequently been upheld by the Supreme Court of the United States, and it appearing further that certain parts of the above statutes have been held to be valid as against some of the reasons set forth in grounds 6 and 8 of the demurrer, these grounds must fail, for the reason that the defendant has assailed the Emergency Price Control Act of 1942, and the amendments thereto, as a whole, which statutes as shown by the above decisions are "not invalid in every part for some reason alleged."

The allegations of the petition were sufficient to set forth a cause of action, and the trial court did not err in overruling the defendant's demurrer.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*