19151. LANIER *et al.* v. SUTTLES, Tax Collector, *et al.*

Argued November 15, 1955—Decided January 10, 1956.

*J. Sidney Lanier, Frank Grizzard, Frank A. Bowers*, for plaintiffs in error.

*Harold Sheats, Durwood T. Pye, E. A. Wright*, contra.

MOBLEY, Justice. 1. A statute is presumed to be valid and constitutional until the contrary appears. *Mayes* v. *Daniel,* 186 *Ga.* 345 (1) (198 S. E. 535). In order to raise a question as to the constitutionality of a "law" (Code, Ann., § 2-3704), the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Krasner* v. *Rutledge,* 204 *Ga.* 380, 382 (49 S. E. 2d 864), and cases cited; *Flynn* v. *State,* 209 *Ga.* 519, 521 (74 S. E. 2d 461).

The allegations in the present petition do not state what provisions of the State or Federal Constitution are alleged to be violated, or wherein or in what respect the act creating the Joint Board of City and County Tax Assessors, and the Fulton County Board of Appeals, is unconstitutional.

2. Section 16 of the act of 1952 (Ga. L. 1952, pp. 2825, 2829) provides for a hearing upon the petition of any taxpayer aggrieved by acts of the Joint Board of City and County Tax Assessors, and that the value fixed by the Appeal Board shall be final unless the taxpayer shall, within 20 days, institute appropriate proceedings in equity in the superior court of the county on the claim that the assessment is excessive or that the property is exempt from taxation under the laws of the State of Georgia.

"Equity by writ of injunction will restrain any act which is illegal or contrary to equity and good conscience and for which no adequate remedy at law is provided. Code § 37-102; *Chadwick* v. *Dolinoff,* 207 *Ga.* 702 (2) (64 S. E. 2d 76); *Waycross*

*Military Assn.* v. *Hiers,* 209 *Ga.* 812 (5) (76 S. E. 2d 486). But where all the relief sought can be obtained in the manner provided by law, a suit in equity for injunction will not lie. *Scarbrough* v. *Cook,* 208 *Ga.* 697 (1) (69 S. E. 2d 201)." *Lively* v. *Grinstead,* 210 *Ga.* 361, 364 (80 S. E. 2d 316).

The only reason given by the petitioners for their not having an adequate remedy at law is that the Fulton County Board of Appeals is unconstitutional. Since no constitutional question was properly raised, the allegation as to no adequate remedy at law fails.

The allegation of the present petition that the Joint Board of City and County Tax Assessors raised the assessments made by the Tax Assessors of the City of East Point, without giving petitioners the notice of change in tax assessments as required by law, was not, as against demurrer, an averment that the petitioners were not given the five-day notice required under Code (Ann.) § 92-6911, with reference to changes made in returns filed by taxpayers.

The allegations of the petition as amended are insufficient to set forth a cause of action for the injunctive relief sought, and the trial court did not err in sustaining the defendants' general demurrer and in dismissing the action.

<div style="text-align: center">

*Judgment affirmed. All the Justices concur.*