19547, 19548. RICHMOND CONCRETE PRODUCTS CO., INC. *v.* WARD; and *vice versa.*

Argued November 14, 1956—Decided December 5, 1956.

*Fulcher, Fulcher & Hagler, Stevens & Stevens,* for plaintiff in error.

*Jack B. Evans, George Fryhofer, Randall Evans, Jr.,* contra.

Candler, Justice. This litigation arose when Mrs. Ocie Anderson Ward filed a suit for damages in the Superior Court of McDuffie County against Richmond Concrete Products Company, Inc., and Albert L. Gay. So far as need be stated, the petition alleges that the plaintiff was permanently injured in consequence of specified acts of negligence committed by the defendants. All substantial allegations of the petition were denied by the answer filed thereto. On February 9, 1956, the plaintiff filed with the clerk of the court in which the suit was pending 18 interrogatories to be answered by the president of the defendant company. A motion to reject them was made by the defendant company, and the trial judge rejected them on grounds 2 and 4, which are as follows: "2. Defendant moves to reject plaintiff's interrogatories on the ground that Chapter 38-12 of the 1933 Code of the State of Georgia is unconstitutional insofar as it attempts to penalize corporations for failure of its officers

to answer interrogatories, or to sue out commissions directed to themselves, being unconstitutional in that it amounts to a deprivation of property without due process of law, thus violating the fourteenth amendment to the U. S. Constitution and Article 1, paragraph 3 of the Constitution of the State of Georgia. . . 4. Defendant moves to reject plaintiff's interrogatories because the plaintiff has failed to comply with the laws in regard thereto." The case resulted in a verdict in favor of the plaintiff for $15,000. An amended motion for new trial which the defendant company made was denied, and the movant sued out a writ of error to the Court of Appeals, assigning error on that judgment. The plaintiff in a cross-bill of exceptions assigned error on the judgment rejecting her interrogatories, on a judgment approving the brief of evidence, and on a judgment refusing to dismiss the defendant's motion for new trial. The Court of Appeals transferred the two writs of error to this court for decision.

These cases present for decision no question over which the Supreme Court has jurisdiction unless ground 4 of the defendant's motion to reject the plaintiff's interrogatories raises a constitutional question. As shown by the above statement of facts, the defendant company contends that Chapter 38-12 of the Code, insofar as it attempts to penalize corporations for failure of their officers to answer interrogatories, or to sue out commissions directed to themselves, offends stated provisions of the Federal Constitution and the Constitution of this State. Chapter 38-12 of our Code is a codification of three acts passed by the legislature, one in 1847 (Ga. L. 1847, p. 465), another in 1889 (Ga. L. 1889, p. 87), and the third in 1853 (Ga. L. 1853-54, p. 51). Article 1, section 4, paragraph 2 of the Constitution of 1945 provides: "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the judiciary shall so declare them." Code (Ann.) § 2-402.

In order to raise a question as to the constitutionality of a "law", at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such

constitutional provision. *Stegall* v. *Southwest Georgia Regional Authority*, 197 *Ga.* 571, 582 (30 S. E. 2d 196), and cases there cited. Nothing less would comport with the requirement of good pleading, to the effect that a party shall plainly, fully, and distinctly set forth his cause of action, legal or equitable. Code § 81-101. It is a grave matter for this court to set aside an act of the co-ordinate legislative department, and vague and indefinite attacks will not be considered. *Dade County* v. *State*, 201 *Ga.* 241 (39 S. E. 2d 473). Tested by the foregoing rules, can it be here held that the defendant's attack on the constitutionality of Chapter 38-12 of the Code is sufficient to raise such a question? We are of the opinion that it is not. No particular part of Chapter 38-12 or the three acts from which it was codified is specifically pointed out by the pleader; and this being true, it would be necessary for this court to examine all of the attacked chapter to find out if there is in fact contained therein any provision about which complaint is made. The words "insofar as it attempts to penalize defendant corporations for failure of its officers to answer interrogatories, or to sue out commissions directed to themselves," are not a definite and positive allegation by the pleader that any particular part of the chapter, or the acts from which it was codified, does in fact accomplish such invalid result. The words just quoted are not at all inconsistent with the legal presumption that the chapter, or the acts from which it was codified, does not to any extent undertake an accomplishment of the unlawful object complained of; and where an allegation is equivocal, doubtful, or subject to different interpretations, it will be construed most strongly against the pleader. *Hoffman* v. *Chester*, 204 *Ga.* 296, 307 (49 S. E. 2d 760). In *Flynn* v. *State*, 209 *Ga.* 519 (74 S. E. 2d 461), where the allegations of a petition challenging the constitutionality of a statute were very similar to those the pleader here employed, this court unanimously held that they were insufficient to draw into question the constitutionality of the act so challenged. There it was said (p. 523) : "Until a clear, definite, and specific attack is made upon the constitutionality of the act as a whole, or upon the constitutionality of a specifically pointed out part or parts of it, this court must and will decline to deal with its validity, such being a well settled rule of pleading, practice, and procedure in this State."

Since the writs of error present for decision no question over which this court has jurisdiction, they will be

*Returned to the Court of Appeals. All the Justices concur.*