19591. PATE *v.* BROCK *et al.*

ARGUED JANUARY 15, 1957—DECIDED JANUARY 15, 1957.

*A. Walton Nall, Henry A. Stewart, Sr.,* for plaintiff in error.

*Arnold & Gambrell, Forrest C. Oates, Jr., A. Walton Nall,* contra.

ALMAND, Justice. Mrs. Lois Brock filed a suit for damages for the negligent homicide of her husband against James S. Pate and Complete Auto Transit, Inc. Defendant Pate filed his plea to the jurisdiction and also filed his demurrers, in which he asserted that the trial court was without jurisdiction over his person. He alleged in his demurrers that, "if the plaintiff contends that this court has jurisdiction over his person and of this action as far as he is concerned because of the provisions of Georgia Code § 68-514, then in that event if such Code section is to be given a construction as contended for by plaintiff, it is unconstitutional as violative" of two described provisions of the State Constitution. No reasons were given as to why or in what manner the stated Code section was violative of either of the two constitutional provisions. The trial court overruled the defendant Pate's demurrers. He thereupon filed his bill of exceptions returnable to the Court of Appeals, which transferred the writ of error to this court, it being of the opinion that this case was one wherein the Supreme Court and not the Court of Appeals had jurisdiction.

In order to properly raise a question as to the constitutionality of a statute, such statute which is challenged, as well as the constitutional provision alleged to have been violated by the statute, must both be clearly specified. *Further,* it must also be shown *wherein* and *how* such provision is violated. *Jones* v. *State,* 190 *Ga.* 654 (1) (10 S. E. 2d 394); *Huiet* v. *Dayan,* 194 *Ga.* 250 (2) (21 S. E. 2d 423); *Kirkland* v. *Employers Liability Assurance Corp.,* 195 *Ga.* 402 (24 S. E. 2d 676). In the instant case, although there was a sufficient specification of the statute and of

the constitutional provisions alleged to have been violated, there were no allegations stating or showing wherein such provisions were violated. The record in this case not properly presenting for decision any question as to the constitutionality of Code § 68-514, and the case not being one which otherwise would come within the jurisdiction of this court, it must be returned to the Court of Appeals. *Jones* v. *State*, supra.

*Returned to the Court of Appeals. All the Justices concur.*