20835. PRINCE v. THOMPSON et al.

HAWKINS, Justice. The exception here is to the denial of a motion to dismiss an appeal to the Superior Court of Richmond County, Georgia, from a decision of the City-County Board of Zoning Appeals of the City of Augusta and Richmond County, approving a variance in zoning of certain described property from B-1A to B-1, the motion to dismiss being predicated on the grounds: (1) that the appeal from the Board of Zoning Appeals to the superior court for a de novo trial by jury is in direct conflict with the provisions of Code § 2-1923; (2) that only authorities empowered by the Constitution to

zone can zone, and that the Constitution restricts the authority to zone to the governing authorities of the municipalities and counties involved; (3) that the appeal is in violation of the Constitution and ought, therefore, to be dismissed, and (4) that the Constitution provides that the power to zone and re-zone property is left exclusively in the jurisdiction of the governing authorities of the municipalities and counties and no other, and that any law in conflict with this provision of the Constitution of the State is unconstitutional and void. *Held:*

1. "In order to raise a question as to the constitutionality of a statute, the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Price* v. *State*, 202 *Ga.* 205 (42 S. E. 2d 728); *Williams* v. *McIntosh County*, 179 *Ga.* 735 (2) (177 S. E. 248)." *Manufacturers Trust Co.* v. *Wilby-Kincey Service Corp.*, 204 *Ga.* 273, 274 (2) (49 S. E. 2d 514). See also *Krasner* v. *Rutledge*, 204 *Ga.* 380, 382 (49 S. E. 2d 864); *Smith* v. *Brogan*, 207 *Ga.* 642, 643 (63 S. E. 2d 647); *Lanier* v. *Suttles*, 212 *Ga.* 154 (1), 156 (91 S. E. 2d 21); *Richmond Concrete Products Co.* v. *Ward*, 212 *Ga.* 773, 774 (95 S. E. 2d 677).

2. The appeal here attacked by the motion to dismiss, so far as the record discloses, does not seek "a de novo trial by jury;" in fact, the record fails to reveal under what zoning act, laws, or authority the appeal to the superior court was sought. The case of *Hunt* v. *McCollum*, 214 *Ga.* 809 (108 S. E. 2d 275), cited by counsel for plaintiff in error, dealt with a specified zoning act, which provided that the appeal "shall be tried de novo before a jury," and this provision was there held to be unconstitutional, because "Sight must never be lost of the fact that the Constitution (Code, Ann., § 2-1923) confers the power to zone upon the 'governing authorities' and none other." Since no legislative act or statute is cited or referred to in the record, and the constitutional attack fails to set out or specify an act or statute which is claimed to be unconstitutional, the record presents no question for decision, and the writ of error must be

*Dismissed. All the Justices concur.*

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960.

*Harris, Chance, McCracken & Harrison, Otis W. Harrison, Killebrew, McGahee & Plunkett,* for plaintiff in error.

*P. H. Rowe,* contra.