21080.   WALKER *et al.* v. THE STATE.
21081.   PATTERSON *et al.* v. THE STATE.
21082.   ROBINSON *et al.* v. THE STATE.
21083.   WILSON *et al.* v. THE STATE.
21084.   HOWARD *et al.* v. THE STATE.

QUILLIAN, Justice. 1. Where, in a bill of exceptions, "assigning error on all the rulings complained of, as being contrary to law," it appears that the only ruling of which complaint is

made or upon which error is assigned is the denial of a motion for new trial, no other ruling made by the trial court in the course of the proceedings is before this court for review (*Moore v. Moore*, 215 Ga. 47 (1), 108 S. E. 2d 704; *Daniel v. Boykin*, 211 Ga. 43 (1), 84 S. E. 2d 48; *Scott v. Weinberg*, 97 Ga. App. 27, 102 S. E. 2d 56, and citations); and, although by the terms of *Code* § 6-810, there may be a supplemental certificate for the limited purpose of including material evidence omitted from the transcript of the record, there can be no second certificate to a bill of exceptions for the purpose of adding assignments of error on rulings on demurrers and motions for directed verdicts. *Pierce v. Haygood*, 213 Ga. 459 (99 S. E. 2d 906), and numerous cases there cited.

2. The usual general grounds of a motion for new trial, that "the verdict is (1) contrary to the evidence and without evidence to support it, (2) decidedly and strongly against the weight of the evidence, and (3) contrary to law and the principles of justice," on review by the appellate courts of this State, present no other question than the sufficiency of the evidence to support the verdict. *Adler v. Adler*, 207 Ga. 394, 405 (7) (61 S. E. 2d 824); *Calhoun v. Ozburn*, 186 Ga. 569, 571 (198 S. E. 706); *Dooly v. Gates*, 194 Ga. 787 (22 S. E. 2d 730); *Newman v. Arnold*, 176 Ga. 387, 388 (168 S. E. 27).

3. An assignment of error *in a motion for new trial* that "the statute under which said sentence was imposed and said judgment entered is unconstitutional as being in violation of defendant's rights under the due process and equal protection clauses of the 14th Amendment to the United States Constitution," even if it were sufficiently specific to raise a constitutional question, which it is not (*Price v. State*, 202 Ga. 205, 42 S. E. 2d 728; *Williams v. McIntosh County*, 179 Ga. 735, 177 S. E. 248; *Krasner v. Rutledge*, 204 Ga. 380, 49 S. E. 2d 864; *Persons v. Lea*, 207 Ga. 384, 61 S. E. 2d 832; *Flynn v. State*, 209 Ga. 519, 74 S. E. 2d 461, and citations; Herndon v. Georgia, 295 U. S. 441, 55 S. Ct. 794, 79 L. Ed. 1530), and the numerous cases there cited), being an attack on the judgment, has no place there, and, where not otherwise directly assigned as error in the bill of exceptions, presents no question for determination by this court. *Pittman v. Pittman*, 196 Ga. 397 (26 S. E. 2d 764); *Braswell v. Palmer*,

194 Ga. 484 (6) (22 S. E. 2d 93); *Berry v. Clark,* 117 Ga. 964 (44 S. E. 824); *City of Atlanta v. Carroll,* 194 Ga. 172 (3) (21 S. E. 2d 86).

4. Under an application of the foregoing principles of law to the bills of exceptions in each of the five cases here under consideration, no question as to the constitutionality of a statute is properly presented, and the cases not being ones which otherwise come within the jurisdiction of the Supreme Court, they must be transferred to the Court of Appeals. *Price v. State,* 202 Ga. 205 (42 S. E. 2d 728); *Prince v. Thompson,* 215 Ga. 860, 861 (113 S. E. 2d 772).

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED NOVEMBER 14, 1960—DECIDED NOVEMBER 14, 1960.

*B. Clarence Mayfield, E. H. Gadsden,* for plaintiffs in error.
*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Assistant Solicitor-General, Eugene Cook, Attorney-General, G. Hughel Harrison, Assistant Attorney-General,* contra.