24862.   LEDFORD v. J. M. MUSE CORPORATION.

GRICE, Justice.   Jurisdiction of this court of this appeal from the grant of a summary judgment adverse to the appellant is predicated upon a constitutional question being involved. However, no such question is presented for decision.

It is well settled that "In order to raise a question as to the constitutionality of a 'law,' at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision." *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677).   The Court of Appeals, not this court, has jurisdiction where mere application of provisions of the Constitution is involved. *Robinson v. State,* 209 Ga. 48, 49 (70 SE2d 514).

Here, the statute complained of is not properly identified. The complaint refers to it merely as "Workmen's Compensation

Act," "Workmen's Compensation of Georgia," "Georgia Workmen's Compensation Act as amended," and the like. See *Adams v. Ray*, 215 Ga. 656, 659 (113 SE2d 100). Furthermore, the attempted attacks on such Act either (1) assert that it violates a constitutional provision, but without specifying wherein it does so; (2) urge that it does not comply with certain Code sections; or (3) complain of the administration, construction, application or enforcement of the Act. None of these charges raises a constitutional question of which this court has jurisdiction. Ga. Const., Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704.

The case is therefore

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1968—DECIDED SEPTEMBER 24, 1968.

*John D. Edge*, for appellant.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis*, for appellee.