### 44091. LEDFORD v. J. M. MUSE CORPORATION.

BELL, Presiding Judge. Plaintiff brought this suit against his employer alleging an injury by accident arising out of and in the course of the employment. The complaint sought damages at common law and attempted in a general fashion to attack the constitutionality of the Workmen's Compensation Act. The trial court granted defendant's motion for summary judgment. Plaintiff's appeal was transferred to this court by the Supreme Court, which held that the allegations of the complaint were not sufficient to raise a constitutional question or to give that court jurisdiction of the appeal. See *Ledford v. J. M. Muse Corp.,* 224 Ga. 617 (163 SE2d 815). The affidavit supporting the motion for summary judgment stated "that J. M. Muse Corporation was on August 19, 1967, the employer of more than ten (10) employees." Regardless of a typographical error in the affidavit, the date of injury being August 19, 1966, this brief statement was not sufficient to bring the employer within the exclusionary provisions of *Code Ann.* § 114-107. According to the terms of that Code section, the affidavit should have shown that on the date of the injury the employer had regularly in service ten or more employees in the same business within

this State. Regretfully, for these purely technical reasons the summary judgment for defendant must be reversed. However, the employer may file a second motion for summary judgment, submit proof sufficient to show that plaintiff's exclusive remedy was under the Workmen's Compensation Act and thus eliminate any genuine issue of material fact in this action for damages. See *Code* § 114-103; *Southern Wire & Iron, Inc. v. Fowler,* 217 Ga. 727, 728 (124 SE2d 738) ; *McLaughlin v. Thompson, Boland & Lee, Inc.,* 72 Ga. App. 564 (1) (34 SE2d 562). It appears obvious that a sufficient supporting affidavit on a subsquent motion for summary judgment would demand a grant of the motion.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 8, 1969—DECIDED FEBRUARY 27, 1969.

*John D. Edge,* for appellant.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis,* for appellees.