## 25362. HERRING v. R. L. MATHIS CERTIFIED DAIRY COMPANY et al.

GRICE, Justice. The Supreme Court's jurisdiction of this appeal in a damage suit is predicated upon alleged constitutional questions raised by appellant's amended complaint. For prior appearance, see *Bourn v. Herring*, 225 Ga. 67 (166 SE2d 89). However, an examination of the allegations of the complaint shows that they do not raise any constitutional question for this court.

In this connection, paragraph 6C of the complaint first alleges that a certain statute is "null and void" since it violates the equal protection provisions of the State and Federal Constitutions for specified reasons. However, each reason qualifies that assertion by alleging "Thus, if applied under the facts and circumstances in the case at bar, said Act would . . ." deny plaintiff equal protection of the law under such constitutional provisions. Paragraph 6D alleges in essence that "If the Act . . . is construed and applied to the facts and circumstances in the case at bar as limiting the liability of the defendants . . . then such construction and application, as to this plaintiff, would . . ." violate the equal protection provisions of the State and Federal Constitutions.

Both of these paragraphs of the complaint are equivocal, and therefore fail to present any constitutional question bringing the case within the jurisdiction of this court. See in this connection, *Gormley v. Searcy*, 179 Ga. 389, 393 (175 SE 913); *Northwestern Mut. Life Ins. Co. v. Suttles*, 201 Ga. 84, 103 (38 SE2d 786); *Dade County v. State of Georgia*, 201 Ga. 241, 246 (39 SE2d 473).

Paragraph 6E alleges in substance that one of the defendants exercised no control or supervision over the deceased child, and that not to hold her liable would constitute a denial to plaintiff of rights provided by law and would constitute discriminatory deprivation of plaintiff's rights such as are granted others so or similarly situated, in violation of the equal protection provisions of the State and Federal Constitutions.

This allegation does not invoke the construction of the Constitution and does not draw into question the validity of any law. It merely claims that the plaintiff's rights under the Constitution have been violated. Hence it does not raise a

constitutional question for this court. See *Head v. Edgar Brothers Co.*, 187 Ga. 409, 410 (200 SE 792) ; *Jarvis v. State,* 197 Ga. 704, 705 (30 SE2d 484).

There being no basis for this court's jurisdiction under the Constitution (Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704), this appeal is

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED SEPTEMBER 10, 1969—DECIDED OCTOBER 8, 1969—
REHEARING DENIED NOVEMBER 6, 1969.

*Freeman R. Hardisty, Frank Fuller, Ernest McDonald,* for appellant.

*Lokey & Bowden, Glenn Frick, O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Long, Weinberg & Ansley, Palmer H. Ansley, Charles M. Goetz, Jr.,* for appellees.