26298. TAYLOR et al. v. MOULTRIE TOBACCO SALES BOARD, INC.

ALMAND, Chief Justice. Floyd M. Taylor, Jr., and others, in their complaint for a declaratory judgment against Moultrie Tobacco Sales Board, Inc., sought: "(a) A judicial determination as to the constitutionality of Georgia Code Ann., Chapter III, Section 3, authorizing Tobacco Boards of Trade. (b) A judicial determination be made as to whether the rules and regulations adopted by the Moultrie Tobacco Sales Board, Inc. are in restraint of trade or in conflict with the laws of this State or rules and regulations promulgated thereunder." The only allegations as to the unconstitutionality of any statute of the State are: "Petitioners show that the act of the General Assembly delegating to the defendant authority to establish rules and regulations is an attempt to delegate a legislative function and is unconstitutional."

The prayers of the petition were that the court adjudicate, determine and declare the rights of the petitioners with respect to the matters set out in the petition. There were no prayers for any equitable relief.

After a hearing, the court passed an order denying the prayers for a declaratory judgment and dismissing the complaint. The appeal is from this order.

The appeal does not state the reason why the appeal was made to this court. *Held:*

To properly raise the question as to the unconstitutionality of a statute the complaint must specify: (a) the particular statute; (b) the specific provision of the Constitution that the statute violates; and (c) how and in what manner the statute violates the specified provisions of the Constitution. *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773 (95 SE2d 677). None of the allegations in the petition raises a constitutional question over which this court has jurisdiction. *Ledford v. J. M. Muse Co.,* 224 Ga. 617 (163 SE2d 815). The case is

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1971—DECIDED MARCH 4, 1971— REHEARING DENIED MARCH 18, 1971.

*Billy G. Fallin,* for appellants.
*Hoyt H. Whelchel, Jr.,* for appellee.