## 47070. NORTH GEORGIA FINISHING, INC. v. DI-CHEM, INC. et al.

PANNELL, Judge. Di-Chem, Inc., brought an action against North Georgia Finishing, Inc., seeking a judgment in the amount of $51,279.17, and upon affidavit of plaintiff that said action was pending and that it "had reason to apprehend the loss of said sum, or some part thereof, unless process of garnishment issues," summons of garnishment issued and was served upon the bank in which defendant had its bank account. Three days later defendant gave bond to dissolve the garnishment, and subsequently made a motion to dismiss the garnishment, the only grounds of which, argued on this appeal, read as follows: "1. Said garnishment was issued under the authority of Georgia Code Annotated § 46-101, a code section which has been expressly held unconstitutional as violative of due process. 2. Said procedure is unconstitutional in that it is violative of the defendant's due process and equal protection rights guaranteed him by the Constitution of the United States and the Constitution of the State of Georgia." The motion was overruled, with proper certificate for review and an appeal was entered in this court. Contained in the record is the following certificate of the trial judge: "The court, at said hearing, considered the pleadings of record in said case and entertained argument of counsel. The pleadings of record raised generally the issue of constitutional due process, but did not specifically raise the due process issues of notice and hearing; however, during argument of counsel certain cases were cited as authority by counsel for both parties and the court's attention was specifically directed to the constitutional due process issues of notice and prior hearing as the same pertain to the facts of the instant case. Among the cases cited were: (a) Sniadach v. Family Finance Corporation of Bay View, 395 U. S. 337 (1969); (b) Reeves v. Motor Contract Company, 324 FSupp. 1011 (1971); and (c) American Olean Tile Company v. Ralph

E. Zimmerman, Jr., 317 FSupp. 150 (1970). Counsel for the plaintiff-appellee made no objection concerning the issues of hearing and notice as same are raised in the above mentioned cases on the grounds that said issues had not been raised by the defendant-appellant's motion to dismiss. After hearing argument of counsel, the court entered an order overruling the defendant-appellant's motion to dismiss the process of garnishment on each and every ground therein and within ten days thereafter the court certified the questions for appeal." *Held:*

The record on appeal is insufficient to identify the statute attacked as unconstitutional. The statute is identified only as a Section of Ga. Code Annotated, published by the Harrison Company. This is not sufficient. *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Bowen v. State,* 215 Ga. 471, 472 (111 SE2d 44); *Holmes v. State,* 224 Ga. 553, 557 (163 SE2d 803); *Widemon v. Burson,* 224 Ga. 665 (164 SE2d 128); *Turk v. State Highway Dept.,* 226 Ga. 245, 246 (174 SE2d 791). Nor does the record on appeal sufficiently identify the particular paragraph, section or article of the Federal or State Constitution of which the statute or procedure is claimed to be violative. *Webb v. Echols,* 211 Ga. 724 (88 SE2d 625); *Lanier v. Suttles,* 212 Ga. 154 (91 SE2d 21); *Pate v. Brock,* 212 Ga. 812 (96 SE2d 253); *Prince v. Thompson,* 215 Ga. 860, 861 (113 SE2d 772); *Ledford v. J. M. Muse Corp.,* 224 Ga. 617 (163 SE2d 815); *Herring v. R. L. Mathis Certified Dairy Co.,* 225 Ga. 653 (171 SE2d 124). See also *Walker v. Hall,* 226 Ga. 68, 69 (172 SE2d 411); *Tant v. State,* 226 Ga. 761 (177 SE2d 484); *Stroud v. Stroud,* 226 Ga. 769 (177 SE2d 574) and *Taylor v. Moultrie Tobacco Sales Board,* 227 Ga. 384, 385 (180 SE2d 737). We are bound by these decisions of the Supreme Court and only the Supreme Court can change these rulings. Further, the dissenting opinion is based upon alleged changes in the rules here applied made by the Civil Practice Act and the Appellate Practice Act. A goodly portion of the Supreme Court's decisions above cited were decided since

passage of those Acts. We find nothing in the Civil Practice Act which changes the rules which we have set forth. This opinion, as such, does not deal with any "archaic form of pleading," but deals with the fact that the record, consisting partly of pleadings and partly of a motion, fails to disclose a proper constitutional attack upon any statute or that the trial judge passed upon any such constitutional attack if made.

The dissent relies on the application of rules applicable to "notice pleadings" and seeks to apply this to a motion to dismiss *which is not a pleading.* Motions are required to "state with particularity the grounds therefor. . . ." Section 7 (b) (1) of the Civil Practice Act (*Code Ann.* § 81A-107 (b) (1)). Paragraph (2) of this Section provides that rules applicable to captions, signing, and other matters of form of pleadings apply to all motions. This does not do away with the requirement stated in paragraph (1) as to particularity. Bigelow v. RKO Radio Pictures, 16 FRD 15, 17 (20 FR Serv. 13, 15). In that case it was said "Is the motion a pleading? The explicit language of Rule 7 (a) with reference to pleadings, and of Rule 7 (b) with reference to motions, must cause this question to be answered in the negative. A motion is not a pleading. Moore's Federal Practice, Vol. 1, p. 1511 (2d Ed.). See also Johnson & Gould v. Joseph Schlitz Brewing Co., D. C. Tenn., 28 FSupp. 650." In United States v. 64.88 Acres of Land, 25 FRD 88, 90 (3 FR Serv. 2d 7(b).2), it was said: "On the subject of the requirements of Rule 7(b), in the Eastern District, an experienced trial judge in United States v. Krasnov, D. C., 143 FSupp. 184, 196, said 'I do not consider this rule to establish a mere technical requirement but rather hold it to be real and substantial.' In this connection it is interesting to note that Judge Igoe of Illinois in Bigelow v. RKO Radio Pictures, D. C., 16 FRD 15, in examining Rule 7 (a) which refers to pleadings and Rule 7 (b) which refers to motions, concludes that a motion is not a pleading. On this general proposition Barron & Holtzoff, Vol. 1, p. 405, in referring

to the requirement of particularity says that the 're-quirements are mandatory; compliance is essential to orderly procedure; . . .'"

Even should we assume that under a motion to dismiss for "failure to state a claim" (although there is no such motion here) constitutional questions could be raised by oral argument (see *Waters v. State,* 226 Ga. 278 (174 SE2d 420)) the *record on appeal* must show that such question *was properly raised* (as required by the cases cited) and also that such question was ruled upon by the trial judge. Neither appears here. Neither the motion nor the certificate of the trial judge shows (1) what statute was involved in the alleged constitutional attack or (2) what specific constitutional provisions, either Federal or State, were involved, nor did it show (3) that the trial judge ruled the alleged statute was or was not constitutional.

It might also be well to note that this case was transferred to this court by the Supreme Court, without opinion.

Accordingly, we must affirm the trial judge in overruling the motion to dismiss the garnishment.

*Judgment affirmed. Eberhardt, P. J., Quillian, Evans and Clark, JJ., concur. Bell, C. J., Hall, P. J., Deen and Stolz, JJ., dissent.*

SUBMITTED APRIL 7, 1972—DECIDED OCTOBER 26, 1972— REHEARING DENIED NOVEMBER 21, 1972—

*Mitchell, Mitchell, Coppedge & Boyett, Samuel J. Brantley,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellees.

HALL, Presiding Judge, dissenting. The majority opinion does not reach the merits of the appeal. It affirms the judgment upon the *ratio decidendi* of Supreme Court opinions that predate the CPA. It also cites Supreme Court decisions that postdate the CPA, but these are either memorandum decisions or summary opinions on the point which merely cite pre-CPA decisions for their authority. It appears that

neither appellate court has ever squarely considered the question of the effect of the CPA on pleading a constitutional question. "The doctrine of stare decisis cannot be invoked to sustain, as authority, a decision which is in conflict . . . with a previous statutory enactment to which the decision makes no reference, and which is made without reviewing or construing the statute, and in such a case the statute should be followed rather than the decision." 21 CJS 325-326, Courts, § 193. "Where previous decisions of this court are in conflict with a previous statutory enactment, to which no reference is made, such decisions will be rejected as authority, without the formality of reviewing and overruling them. 'It being a choice between the Act of the legislature and a subsequently conflicting decision of the court, the Act of the legislature speaks with imperative and controlling authority and must be followed in preference to the judicial utterance in conflict therewith.' *Central of Ga. R. Co. v. Jones,* 28 Ga. App. 258, 261 (110 SE 914)." *Murphy v. Harding,* 220 Ga. 634, 636 (140 SE2d 852). The *Jones* case by this court involved a similar issue—a statute liberalizing the procedural requirements for an assignment of error.

Prior to the CPA it was said: "Probably no phase of pleading in Georgia is fraught with more technicalities than with respect to raising constitutional issues." Georgia Procedure and Practice 38, § 2-23 (1957 Ed.). The question here is whether this archaic form of pleading is applicable under the CPA. In my opinion, it is not.

The Constitution of 1945 provides that "The General Assembly may provide for carrying cases or certain classes of cases to the Supreme Court and the Court of Appeals from the trial courts otherwise than by writ of error, and may prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." *Code Ann.* § 2-3704.

It is common knowledge that our appellate judges differ in their view of the Appellate Practice Act of 1965 and the Civil Practice Act of 1966. These differences vary in de-

gree and are based upon honest convictions. It must be acknowledged that these personal predilections have influenced the positions taken by the judges in cases before both appellate courts. Nevertheless, it should be emphasized that "the law on this question is not simply what the judges of this court think the law *should be,* but what the General Assembly has said it is." *Horton v. Brown,* 117 Ga. App. 47, 49 (159 SE2d 489). I respectfully submit that the intent of the General Assembly, as between deciding cases on the merits or avoiding the question by technicalities, is clear. "Analysis . . . shows that there is no gap between what they wrote and what in reason they must have meant." Woolford Realty Co. v. Rose, 286 U. S. 319, 330 (52 SC 568, 76 LE 1128).

The Appellate Practice Act of 1965, as amended, provides: "It is the intention of this law to provide a new procedure for taking cases to the Supreme Court and Court of Appeals, as authorized in the Constitution of 1945, Article VI, Section II, Paragraph IV (Georgia Code Anno., Section 2-3704), and, to that end, this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein." *Code Ann.* § 6-905.

The CPA provides: "This Title governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in section 81A-181. The provisions of this Title shall be construed to secure the just, speedy, and inexpensive determination of every action." *Code Ann.* § 81A-101.

Since the enactment of the CPA, both this court and the Supreme Court have held that we now operate under "notice pleading" and that "a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Hunter v. A-1*

*Bonding Service,* 118 Ga. App. 498 (2) (164 SE2d 246); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89). All that a motion to dismiss must formally state is that the petition "fails to state a claim." The same principle was applied in *Benefield v. Malone,* 110 Ga. App. 607 (139 SE2d 500) with respect to a motion for summary judgment (overruling *Suggs v. Brotherhood of Locomotive Firemen &c.,* 104 Ga. App. 219, 223 (121 SE2d 661)).

As stated above, the CPA governs "all courts of record" and "all suits of civil nature." It is therefore axiomatic that it covers the manner of pleading this constitutional issue.

The old rules of pleading used two technicalities to avoid constitutional questions: a statute could not be identified by citing a section of Ga. Code Annotated, published by the Harrison Company; and the pleader had to specifically identify the particular paragraph, section or article of the Federal or State Constitution of which the statute or procedure is claimed to be violative. These technicalities are not only in direct conflict with the CPA and the Appellate Practice Act but are also anomalous. By what logic can an appellate court use the Ga. Code Annotated for formal citation in its printed opinions which are permanent, official State records and at the same time deny its use to a party litigant in typewritten papers under a system of "notice" pleading. As for identifying constitutional provisions, a similar strict and word-perfect requirement was once necessary in objecting to the charge of the court. However, in a recent case interpreting the Appellate Practice Act, this court said that "the statute does not demand a formalistic, technically perfect objection. The only requirement is that the grounds of the objection be stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point. In other words, it is merely a rule of common sense." *Horton v. Ammons,* 125 Ga. App. 69, 72 (186 SE2d 469), affirmed *Smith v. Ammons,* 228 Ga. 855 (188 SE2d 866). The same reasoning applies to pleading a constitutional issue. The question is whether the plead-

ings give fair notice to the opposite party and enable a "reasonable" trial or appellate judge to understand the issue presented? In my opinion, the appellant's motion to dismiss meets this test. It points out that the cited Code section (*Code Ann.* § 46-101) has been held unconstitutional as violative of due process and that the procedure used violates the due process and equal protection rights guaranteed by the Constitution of the United States and the Constitution of the State of Georgia. The trial judge recited in his order that the argument before him was specifically directed to the constitutional due process issues of notice and prior hearing as they apply to the facts in this case. He cited what he considered to be the applicable precedents and ruled on the merits of the case. An important constitutional issue is now before this court. We do not have the right to avoid deciding it on the merits by invoking a technical rule of pleading which has been superseded.

I am authorized to state that Chief Judge Bell and Judges Deen and Stolz concur in this dissent.